Frank MYRICK, Plaintiff,

v.

**DEVILS LAKE SIOUX MANUFACTUR-
ING CORPORATION, Defendant.**

Civ. No. A2–88–211.

United States District Court,
D. North Dakota,
Northeastern Division.

June 29, 1989.

Larry M. Baer, Ackre & Baer Chartered, Cando, N.D., for plaintiff.

Robert Vaaler, Vaaler, Gillig, Warcup, Woutat, Zimney & Foster, Grand Forks, N.D., for defendant.

## MEMORANDUM AND ORDER

WEBB, District Judge.

Plaintiff Frank Myrick is a 64 year old American Indian male, who resides at St. Michael, North Dakota, on the Devils Lake Sioux Indian Reservation. Defendant Devils Lake Sioux Manufacturing Corporation (DLSMC) is incorporated under the laws of the State of North Dakota. The Devils Lake Sioux Tribe owns 51% of DLSMC, and Brunswick Corporation, a Delaware corporation owns the other 49%. Generally, Myrick's complaint alleges age and race discrimination claims against DLSMC under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and section 7(b) of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 626(b). The complaint also alleges a claim under section 16(b) of the Fair Labor Standard Act, 29 U.S.C. § 216(b) and a breach of contract claim.

DLSMC has filed a motion to dismiss, which the plaintiff resists.

## Discussion

■ First, DLSMC argues that plaintiff's Title VII claim should be dismissed because it falls within the Indian Tribe exception as provided in 42 U.S.C. § 2000e(b) and that the ADEA claim should be dismissed because the ADEA does not apply to businesses on the Reservation. These arguments are without merit.[1]

■ DLSMC also argues that the case should be dismissed under the rules set out in *National Farmers Union Insurance Co. v. Crow Tribe*, 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985), and *Iowa Mutual Insurance Co. v. LaPlante*, 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987). DLSMC argues that:

> In the last four years the Supreme Court, the Eighth Circuit, other courts of appeals and district courts in the Eighth Circuit, including this Court, have ruled that a Federal District Court must decline jurisdiction over a dispute involving the activities of non-Indians or Indians arising on Indian reservations. Instead, the Courts have required that litigants in such cases exhaust available remedies in tribal courts. *See, Iowa Mutual Insurance Co. v. LaPlante* [480 U.S. 9], 107 S.Ct. 971 [94 L.Ed.2d 10] (1987); *National Farmers Insurance Co. v. Crow Tribe*, 471 U.S. 845 [105 S.Ct. 2447, 85 L.Ed.2d 818] (1985); *United States ex rel. Kisel [Kishell] v. Turtle Mountain Housing Authority*, 816 F.2d 1273 (8th Cir.1987); *Weeks Construction, Inc. v. Oglala Sioux Housing Authority*, 797 F.2d 668 (8th Cir.1986); and *Brunswick v. McKay, et al*, Civil No. A2–88–28, June 27, 1988.

*National Farmers Union* and *Iowa Mutual* are the lead cases on the present issue. In those cases, the courts considered the scope of a tribal court's jurisdiction in a case pending in tribal court. The Supreme Court held that the parties could not seek federal court relief until they had exhausted the tribal court remedies. *See Iowa Mutual*, 480 U.S. at 19, 107 S.Ct. at 978; *National Farmers Union*, 471 U.S. at 856, 105 S.Ct. at 2454. These cases stand for the proposition that the tribal courts, as a matter of comity, should be given the opportunity to determine the scope of their jurisdiction in their own cases.

■ *United States ex rel. Kishell v. Turtle Mountain Housing Authority*, 816 F.2d 1273 (8th Cir.1987), and *Weeks Construction, Inc. v. Oglala Sioux Housing Authority*, 797 F.2d 668 (8th Cir.1986), differ from *Iowa Mutual* and *National Farmers Union* in that there were no simultaneously existing tribal court cases. *Kishell* and *Weeks* began in federal court. In *Kishell*, the district court dismissed a trespass action brought by the estate of a tribal member against a tribal housing authority. The court of appeals affirmed and required "the plaintiff to exhaust available tribal court remedies as a matter of comity ... in light of the facts of this case." *Kishell*, 816 F.2d at 1276. In *Weeks*, the district court dismissed a breach of contract action brought by a construction company against a tribal housing authority. The court of appeals affirmed the dismissal and found that the tribal court should have first opportunity to decide the case. *Weeks*, 797 F.2d at 674. In *Kishell*, the court stated that the

> Housing Authority is an agency formed by the Tribe for the purpose of pursuing functions intimately related to tribal self-government. The challenged actions of the Housing Authority were quasi-governmental activities on land situated entirely within the reservation's borders. These facts tend to demonstrate that this a purely internal tribal controversy which the tribal court is uniquely situated to resolve.

*Kishell*, 816 F.2d at 1276 (citations omitted). Similarly, in *Weeks* the court noted that "[t]he facts here show that this con-

---

1. *EEOC v. The Cherokee Nation*, 871 F.2d 937 (10th Cir.1989) decided that the ADEA does not apply to Indian tribes. This decision did not consider the present situation of non-tribal reservation employees.

tract dispute arose on the reservation and raises questions of tribal law interpretation within the province of the tribal court." *Weeks,* 797 F.2d at 673.[2]

Both of the Supreme Court cases and both of the court of appeals cases discussed above involved issues of particular application and importance to the tribes themselves. In *Iowa Mutual* and *National Farmers Union,* the scope of tribal court jurisdiction was at issue. In *Weeks* and *Kishell,* the defendants were agencies created by the tribes and the issues presented were primarily intra-tribal. Consequently, to advance the purpose of promoting tribal self-government and self-determination, the court held that the cases should be first heard in tribal court.

The present case does not fit within any of the cases cited by DLSMC. First, there is no attack or challenge to the jurisdiction of the tribal court. Second, the tribe or an arm of the tribe is not a party. In fact, the present case predominately presents issues of federal law.

The Court of Appeals for the Ninth Circuit held that Title VII claims are within the federal court's exclusive jurisdiction. *Valenzuela v. Kraft,* 739 F.2d 434 (9th Cir.1984). More recently, the Court of Appeals for the Seventh Circuit held that Title VII claims are within the concurrent jurisdiction of the state and federal courts. *Donnelly v. Yellow Freight System, Inc.,* 874 F.2d 402 (7th Cir.1989). The Court of Appeals for the Eighth Circuit has yet to render decision on this issue.

The federal claims which form the basis of this lawsuit are properly heard in the federal court. Neither existing case law nor sound reasoning necessitates dismissal.

IT IS ORDERED the defendant's motion to dismiss is denied.

---

2. In *Brunswick Corp. v. McKay,* No. A2–88–28 (D.N.D. June 28, 1988), the court dismissed the case so that a case could be brought in tribal court. There the tribe itself was a named defendant.