Bernardine **GOURNEAU,** wife of Rodger Gourneau, deceased, individually and on behalf of the late Rodger Gourneau, Plaintiff,

v.

JoAnn Fawn **LOVE, M.D.** and Jackson and Coker Locum Tenens, Inc., and Jane Roe I–V and John Doe I–V, Defendants.

Civil No. A2–94–100.

United States District Court, North Dakota.

Dec. 9, 1994.

Reed Soderstrom, Pringle & Herigstad, P.C., Minot, ND, Lee R. Bissonette, Lambert & Boeder, Wayzata, MN, for Rodger Gourneau.

Richard H. McGee, McGee, Hankla, Backes & Wheeler, Ltd., Minot, ND, for JoAnn Fawn Love, MD, Jackson and Coker Locum Tenens, Inc.

## MEMORANDUM AND ORDER

WEBB, Chief Judge.

This action was commenced in the Turtle Mountain Tribal Court. The Complaint appears to present a survival action, a wrongful death action, and an action for damages incurred by the plaintiff prior to the decedent's death. The defendant Jackson and Coker Locum Tenens, Inc. ("Jackson and Coker") removed the action to this court based on the diverse citizenship of the parties, in accordance with 28 U.S.C. § 1441. The plaintiff now moves to have this action remanded to the tribal court, asserting that the action cannot be removed.

The plaintiff argues that this action cannot be removed from tribal court based on diversity of citizenship because the diversity removal statute only applies to "civil action[s] brought in a State court." 28 U.S.C. § 1441(a). The plaintiff argues that since the statute refers only to actions brought in state court, and not to actions brought in tribal court, it does not create any right to remove actions from tribal court.

The plaintiff cites *Becenti v. Vigil,* 902 F.2d 777 (10th Cir.1990), which is the only reported case that addresses this issue. The issue before the *Becenti* court was whether an action commenced in tribal court can be removed under 28 U.S.C. § 1442, which, like § 1441, refers only to actions "commenced in a State court." The court stated that the issue was not whether Congress has the power to authorize removal from tribal courts, or whether it would be good policy for Congress to do so, but rather whether Congress actually has done so. *Id.* at 780. The court noted that when Congress has determined that removal from a court other than a state court should be permitted, it has enacted legislation expressly authorizing removal from that court. *Id.* The court concluded that until and unless Congress includes tribal courts in the removal statute, federal courts cannot exercise jurisdiction over actions commenced in tribal courts. *Id.* at 781. The court therefore ruled that the action had been improvidently removed and ordered it remanded. *Id.*

In response, the defendant cites this court's opinion in *Myrick v. Devils Lake Sioux Mfg. Corp.,* 718 F.Supp. 753 (N.D. 1989), for the proposition that "this court has already ruled that removal proceedings for claims originally filed in Tribal Court are appropriate." However, the issue of removal from tribal court is not addressed in *Myrick.*

The defendant also cites an unpublished decision by Judge Conmy, in *Nadeau v. Cooper,* A4–93–28 (D.N.D. Dec. 9, 1993). *Nadeau* is quite similar to the present action.

It is a medical malpractice action brought by the same attorneys who are representing the plaintiff in this action. Jackson and Coker is a defendant in both cases, and is represented in both by the same attorneys. Jackson and Coker provides a temporary physician placement service. In *Nadeau* and in this case Jackson and Coker placed physicians at an Indian Health Service facility pursuant to a government contract. Both cases arise, in part, out of alleged malpractice in the care provided by those temporary physicians at the Indian Health facility.[1]

In *Nadeau*, the plaintiff first commenced an action under the Federal Tort Claims Act, but that action was dismissed on the grounds that the defendant physician was not a government employee. The plaintiff then commenced identical tort actions simultaneously in tribal and federal courts. The defendants removed the tribal court action to federal court, and the plaintiff brought a motion for remand. Judge Conmy ruled that the removal was proper in light of the identical action that was pending in federal court. *Nadeau*, slip op. at 3. *Nadeau* can be distinguished from present case, because in this case the plaintiff has not filed an identical action in federal court, and the presence of such an identical federal court action was the decisive factor in Judge Conmy's ruling in *Nadeau*.[2]

The defendant also cites *State of N.D. v. Fredericks*, 940 F.2d 333 (8th Cir.1991). In that case, an action to foreclose a mortgage was commenced in state court. *Id.* at 335. The defendants argued that a tribal court, rather than the state court, had jurisdiction, but the state court rejected that argument. *Id.* The action was then removed from the state court to federal court. *Id.* In *Fredericks*, the Eight Circuit upheld the removal. *Id.* at 339. Since the action was removed from state court rather than from tribal court, *Fredericks* does not address the question of whether actions commenced in tribal courts can be removed.

Section 1441 of Title 28 only authorizes the removal of actions "brought in a State court." 28 U.S.C. § 1441(a). The question is whether to interpret this language strictly, so that it encompasses only state courts, or whether to apply it, by analogy, to all non-federal trial courts. When the terms of a statute are plain, those terms are conclusive and must be followed. *Negonsott v. Samuels*, 507 U.S. 99, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993). There is no ambiguity in the text of 28 U.S.C. § 1441: it refers specifically to state courts, and to state courts only.

When adherence to the plain terms of a statute would lead to an absurd result, the court can look to the intent of Congress and interpret the statute to fulfill that intent and avoid the absurd result. Not permitting removal from tribal courts while permitting removal from state courts may seem to be a questionable policy, but it is not an absurdity. Furthermore, even if congressional intent were to be considered, it appears that Congress understands § 1441 to refer only to state courts in the strict sense, as when Congress has decided to bring other non-federal trial courts within the ambit of § 1441, it has enacted legislation expressly doing so. *E.g.* 28 U.S.C. § 1451 (defining "State court" to include the Superior Court of the District of Columbia); 48 U.S.C. § 864 (authorizing the removal of actions brought in the courts of Puerto Rico). Congress has never enacted legislation either bringing tribal courts within the meaning of "State court" in § 1441 or separately authorizing the removal of actions brought in tribal courts.

To the extent that this is a close question, it must be resolved against removal in light of the United States Supreme Court's opinion in *Iowa Mutual Insurance Co. v. LaPlante*, 480 U.S. 9, 107 S.Ct. 971, 94

---

1. The temporary physician named as a defendant in *Nadeau* is not Dr. Love, the physician named as a defendant in this case.

2. The plaintiff in the present action has commenced an action in state court against a Grand Forks physician who, and a Grand Forks clinic which, also provided treatment to the decedent. The defendant implies that this fact is significant, but the presence of a related action in state court against non-diverse defendants has no impact on the question of whether the tribal court action can be removed.

L.Ed.2d 10 (1987). While *LaPlante* does not directly address the issue of removal, it does establish a strong policy that federal courts should, as a matter of comity, permit actions commenced in tribal court to proceed there. *Id.* at 16–17, 107 S.Ct. at 977.

 Removal is a procedure created by statute. In the absence of statutory authority, there is no right to remove. *Terr. of Guam v. Landgraf,* 594 F.2d 201, 202 (9th Cir.1979). This action was improvidently removed to this court in the absence of statutory authority to do so, and will be remanded to the tribal court.

**It Is Ordered** that the plaintiff's Motion to Remand Removed Action (docket no. 7) is **Granted.**