

Maureen Foughty White Eagle, Foughty, Christianson, White Eagle & Berg, Devils Lake, ND, for plaintiff.

Donald L. Peterson, McGee, Hankla, Backes & Wheeler, Ltd., Minot, ND, for defendant.

**Donna WHITE TAIL, Plaintiff,**

v.

**PRUDENTIAL INSURANCE COMPANY OF AMERICA, Defendant.**

**Civ. No. A2–94–153.**

United States District Court,
D. North Dakota.

Aug. 2, 1995.

## ORDER

KLEIN, United States Magistrate Judge.

Plaintiff commenced this action in Devils Lake Sioux Tribal Court. The complaint seeks a declaratory judgment determining the scope of coverage under a group "Employee Accidental Death and Dismemberment" policy issued by Prudential Insurance Company. The parties agree that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1001, et seq., governs the action. *See* 29 U.S.C. 1132(a)(1)(B). Defendant removed the case to federal district court based on federal question jurisdiction. *See* 28 U.S.C. § 1441 and § 1331. Plaintiff's motion to remand the action to tribal court is now before the court.

Plaintiff argues this action cannot be removed to federal court, because to allow removal would deprive Plaintiff of her right to choose the forum. Plaintiff cites the ERISA jurisdictional provision, 29 U.S.C. § 1132(e) for the proposition that she has the right to choose between tribal court and federal court. The relevant section of the jurisdictional provision states as follows:

... State courts of competent jurisdiction and district courts of the United States

shall have concurrent jurisdiction of actions under subsection (1)(B) ... of this section. (actions enforcing rights under an employee benefit plan).

29 U.S.C. § 1132(e) (1993).

 Defendant argues that Plaintiff does not have the choice of forum she claims, because "tribal courts" are not equivalent to "state courts," and Congress did not confer jurisdiction on tribal courts for ERISA claims. Defendant therefore contends jurisdiction is improper in the tribal court.

The threshold issue in this motion is whether a case may be removed from a tribal court. This question also involves the question of whether a tribal court can be considered a "State court." 28 U.S.C. § 1441(a) gives defendants an absolute right to remove "... any civil action brought in a *State court* of which the district courts of the United States have original jurisdiction...." 28 U.S.C. § 1441(a) (emphasis added). The question is whether to interpret this statute strictly, so that it encompasses only state courts, or whether to apply it, by analogy, to all non-federal trial courts. In *Gourneau v. Love*, No. 100 Civ. A2–94 (D.N.D.1994) (unpublished order), Chief Judge Webb of this court held that removal from a tribal court is not proper. The magistrate judge agrees with its reasoning. Because *Gourneau* is not published, much of its reasoning is duplicated below.

Defendant cites this court's opinion in *Myrick v. Devils Lake Sioux Mfg. Corp.*, 718 F.Supp. 753 (D.N.D.1989), for the proposition that "this court has ruled that removal proceedings for claims originally filed in tribal court are appropriate." (Defendant's Response to Plaintiff's Motion for Remand, Doc # 13.) *Myrick* was not a removal case and does not mention the issue of removal. The court is frankly puzzled by Defendant's reliance on *Myrick*.

Defendant also cites *State of N.D. v. Fredericks*, 940 F.2d 333 (8th Cir.1991), for the proposition that a case filed in tribal court may be removed to federal court. Defendant states that *Fredericks* involved a removal from Fort Berthold Tribal Court, but this is incorrect. *Fredericks* was filed in state court. *Id.* at 333–34. The action was then removed from the state court to federal court. *Id.* The Eighth Circuit Court of Appeals held that the removal from state court was proper. *Id.* at 339. The issue of removal from a tribal court was not before the court and was not discussed. *Fredericks*, therefore, gives this court no guidance in deciding the issue before it.

*Becenti v. Vigil*, 902 F.2d 777, 780 (10th Cir.1990), is the only reported case that addresses the issue. The issue before the *Becenti* court was whether an action commenced in tribal court can be removed under 28 U.S.C. § 1442, which, like § 1441, refers only to actions "commenced in a State court." The court stated that the issue was not whether Congress has the power to authorize removal from tribal courts, or whether it would be good policy for Congress to do so, but rather whether Congress actually has done so. *Id.* at 780. The court noted that when Congress has determined that removal from a court other than a state court should be permitted, it has enacted legislation expressly authorizing removal from that court. *Id.* The court concluded that until and unless Congress includes tribal courts in the removal statute, federal courts cannot exercise jurisdiction over actions commenced in tribal courts. *Id.* at 781. The court therefore ruled that the action had been improvidently removed and ordered it remanded. *Id.* Defendant has not shown with this case, or any other, that removal from a tribal court is proper.

 When the terms of a statute are plain, those terms are conclusive and must be followed. *Negonsott v. Samuels*, 507 U.S. 99, 113 S.Ct. 1119, 122 L.Ed.2d 457 (1993). There is no ambiguity in the text of 28 U.S.C. § 1441: it refers specifically to state courts, and to state courts only. The court must also strictly construe the removal statute. *International Association of Entrepreneurs of America v. Angoff*, 58 F.3d 1266 (8th Cir.1995).

When adherence to the plain terms of a statute would lead to an absurd result, the court can look to the intent of Congress and interpret the statute to fulfill that intent and avoid the absurd result. Not permitting re-

 

moval from tribal courts is not an absurdity. Furthermore, even if congressional intent were to be considered, it appears that Congress understands § 1441 to refer only to state courts in the strict sense. For instance, when Congress has decided to bring other non-federal trial courts within the ambit of § 1441, it has enacted legislation expressly doing so. *See e.g.,* 28 U.S.C. § 1451 (defining "State court" to include the Superior Court of the District of Columbia); 48 U.S.C. § 864 (authorizing the removal of actions brought in the courts of Puerto Rico). But when Congress did not specifically grant the same status to the courts of the Territory of Guam, the Ninth Circuit held they were not "State courts" for the purposes of 28 U.S.C. § 1443. *Becenti v. Vigil,* 902 F.2d 777 (10th Cir.1990), citing *Guam v. Landgraf,* 594 F.2d 201, 202 (9th Cir.1979). Congress has never enacted legislation either bringing tribal courts within the meaning of "State court" in § 1441 or separately authorizing the removal of actions brought in tribal courts. Therefore, Defendant's removal was improper and the case must be remanded to the tribal court.

The underlying issue in this action is whether Congress intended tribal courts to be included in the jurisdiction section of ERISA along with federal courts and state courts. *See* 29 U.S.C. § 1132(e). Because this court has held that Defendant's removal was improper, the question of whether the tribal court has jurisdiction to hear the ERISA claim is not before this court. Even if it were, this court would allow the tribal court an opportunity to determine the scope of its jurisdictional powers as a matter of comity. *See National Farmers Union Insurance Co. v. Crow Tribe,* 471 U.S. 845, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985); *Iowa Mutual Insurance Co. v. LaPlante,* 480 U.S. 9, 107 S.Ct. 971, 94 L.Ed.2d 10 (1987); *Duncan Energy v. Three Affiliated Tribes,* 27 F.3d 1294 (8th Cir.1994); *Myrick v. Devils Lake Sioux Mfg. Corp.,* 718 F.Supp. 753, 754 (D.N.D.1989).

**IT IS THEREFORE ORDERED:** Plaintiff's motion to remand is granted. The case is therefore remanded to the Devils Lake Sioux Tribal Court for further proceedings consistent with the court's order. The clerk of this court is directed to delay transmitting the record to the tribal court for a period of 14 days to afford the parties an opportunity to pursue an appeal to the district judge.

Pursuant to Local Rule 72.1(G)(4), any party may appeal this order within ten (10) days after being served with a copy hereof.