**Jude DeCOTEAU, Plaintiff,**

v.

**SENTRY INSURANCE COMPANY, Defendant.**

**Civil No. A2–96–5.**

United States District Court, D. North Dakota, Northeastern Division.

Feb. 12, 1996.

Reed Alan Soderstrom, Pringle & Herigstad, P.C., Minot, ND, for plaintiff.

Michael J. Morley, Morley, Morley & Light, Ltd., Grand Forks, ND, for defendant.

## MEMORANDUM AND ORDER

WEBB, Chief Judge.

This action was commenced in the Turtle Mountain Tribal Court. Plaintiff filed a Petition for Declaratory Judgment seeking damages and other relief in tribal court because of the denial of insurance coverage. The defendant removed the action to this court based on the diverse citizenship of the parties, in accordance with 28 U.S.C. § 1441. The plaintiff now moves to have this action remanded to the tribal court, asserting that the action cannot be removed.

The plaintiff argues that this action cannot be removed from tribal court based on diversity of citizenship because the diversity removal statute only applies to "civil action[s] brought in a State court." 28 U.S.C. § 1441(a). The plaintiff argues that since the statute refers only to actions brought in state court, and not to actions brought in tribal court, it does not create any right to remove actions from tribal court.

The plaintiff relies on *Becenti v. Vigil*, 902 F.2d 777 (10th Cir.1990). The issue before the *Becenti* court was whether an action commenced in tribal court can be removed under 28 U.S.C. § 1442, which, like § 1441, refers only to actions "commenced in a State court." The court stated that the issue was not whether Congress has the power to authorize removal from tribal courts, or whether it would be good policy for Congress to do so, but rather whether Congress actually has done so. *Id.* at 780. The court noted that when Congress has determined that removal from a court other than a state court should be permitted, it has enacted legislation expressly authorizing removal from that court. *Id.* The court concluded that until and unless Congress includes tribal courts in the removal statute, federal courts cannot exercise jurisdiction over actions commenced in tribal courts. *Id.* at 781. The court therefore ruled that the action had been improvidently removed and ordered it remanded. *Id.; See also Weso v. Menominee Indian School District*, 915 F.Supp. 73 (D.Wis.1995). This court reached the same conclusion in *Gourneau v. Love*, 915 F.Supp. 150 (D.N.D. 1994), and finds no reason to depart from that determination here.

■ As this court reasoned in *Gourneau*:

Section 1441 of Title 28 only authorizes the removal of actions "brought in a State court." 28 U.S.C. § 1441(a). The question is whether to interpret this language strictly, so that it encompasses only state courts, or whether to apply it, by analogy, to all non-federal trial courts. When the terms of a statute are plain, those terms are conclusive and must be followed. *Negonsott v. Samuels*, [507 U.S. 99] 113 S.Ct. 1119 [122 L.Ed.2d 457] (1993). There is no

ambiguity in the text of 28 U.S.C. § 1441: it refers specifically to state courts, and to state courts only.

When adherence to the plain terms of a statute would lead to an absurd result, the court can look to the intent of Congress and interpret the statute to fulfill that intent and avoid the absurd result. Not permitting removal from tribal courts while permitting removal from state courts may seem to be a questionable policy, but it is not an absurdity. Furthermore, even if congressional intent were to be considered, it appears that Congress understands § 1441 to refer only to state courts in the strict sense, as when Congress has decided to bring other non-federal trial courts within the ambit of § 1441, it has enacted legislation expressly doing so. *E.g.* 28 U.S.C. § 1451 (defining "State court" to include the Superior Court of the District of Columbia); 48 U.S.C. § 864 (authorizing the removal of actions brought in the courts of Puerto Rico). Congress has never enacted legislation either bringing tribal courts within the meaning of "State court" in § 1441 or separately authorizing the removal of actions brought in tribal courts.

To the extent that this is a close question, it must be resolved against removal in light of the United States Supreme Court's opinion in *Iowa Mutual Insurance Co. v. LaPlante,* [480 U.S. 9] 107 S.Ct. 971 [94 L.Ed.2d 10] (1987). While *LaPlante* does not directly address the issue of removal, it does establish a strong policy that federal courts should, as a matter of comity, permit actions commenced in tribal court to proceed there. *Id.* at 17, 107 S.Ct. at 977.

Removal is a procedure created by statute. In the absence of statutory authority, there is no right to remove. *Terr. of Guam v. Landgraf,* 594 F.2d 201, 202 (9th Cir.1979). This action was improvidently removed to this court in the absence of statutory authority to do so, and will be remanded to the tribal court.

*Gourneau v. Love,* 915 F.Supp. at 152–153. For the reasons noted, remand to the tribal court is warranted here.

**THEREFORE,** plaintiff's Motion to Remand Removed Action (doc. # 5) is **GRANTED.**

**IT IS SO ORDERED.**