The COUNTY OF NASSAU and the Nassau County Patrolmen's Benevolent Association, Plaintiffs-Appellees,

v.

The COST OF LIVING COUNCIL and the United States, Defendants-Appellants.

Nos. 2–13 to 2–15, and 2–17 and 2–19.

Temporary Emergency Court of Appeals, June 27, 1974.

Carla A. Hills, Asst. Atty. Gen., William C. White and John H. Broadley, Attys., Dept. of Justice, for defendants-appellants The Cost of Living Council and The United States.

Thomas M. Lamberti, Garden City, N. Y., for defendant-appellant Nassau County Village Officials Assn.

John F. O'Shaughnessy, County Atty., of Nassau County and James N. Gallagher, Mineola, N. Y., for plaintiff-appellee County of Nassau.

Richard Hartman, Mineola, N. Y., for plaintiff-appellee Nassau County Patrolmen's Benevolent Assn.

Before HASTIE, ANDERSON and JOHNSON, Judges.

## PER CURIAM:

In this case there are presently before this court five appeals.[1] The circumstances out of which the contested issues arose began with the making of a contract on September 8th or 10th, 1973, between the plaintiffs-appellees, County of Nassau, (County) and Nassau County Patrolmen's Benevolent Association (PBA), under the terms of which police officers, for a two year period commencing with 1974, were granted an increase in compensation, which, taking all adjustments into account, would apparently amount to 12.2% for 1974, over the then existing wage scale. On October 1, 1973 the Cost of Living Council (COLC) began an inquiry into this pay increase agreement. On January 28, 1974 the COLC issued a Notice of Challenge (pursuant to 6 C.F.R. § 152.53), and a Temporary Order (pursuant to 6 C.F.R. § 152.54) limiting any pay increases for the year beginning January 1, 1974 to 5.5%, pending administrative proceedings and final determination by the COLC. On February 13, 1974, the plaintiffs-appellees petitioned the United States District Court for the Eastern District of New York for injunctive relief against COLC's Temporary Order of January 28, 1974. The case was assigned to Judge Bruchhausen who thereafter issued a series of rulings and orders: (1) restraining the COLC's Temporary Order; (2) removing the proceedings from the COLC to the United States District Court for the Eastern District of New York; and (3) permanently enjoining further administrative proceedings by the COLC.

The COLC appealed these orders which, respectively constitute appeals with docket numbers 2–13, 2–14, and 2–15 in this court. In each instance COLC sought stays from this court, which were granted.[2]

In this fashion the COLC completed the administrative proceedings, and on April 19th it made its determination and issued its final order. It reduced the total pay adjustment by the County to 6.7% on all wages and salaries paid on or after January 28, 1974, the date of its Temporary Order, and made certain provisions for restitution.

1. They are Docket Numbers 2–13, 2–14, 2–15, 2–17 and 2–19, which have been consolidated. As a matter of convenience it may be noted that numbers 2–13 and 2–17 derive from docket numbers 74C248 and 74C321 in the district court; that numbers 2–14 and 2–15 derive from 74C321; and that number 2–19 derives from 74C618.

2. The Nassau County Village Officials Association (NCVOA) moved to intervene in these proceedings, pursuant to Rule 24 F.R. Civ.P., in the Eastern District, but its motion to intervene was denied on April 4, 1974, as was its request to appear amicus curiae. The appeal from this denial is appeal 2–17.

Shortly thereafter it renewed its petition to intervene; this also was denied by the district court on May 21, 1974, but at that time the court granted its motion to appear as amicus. NCVOA has appealed the denial of its second motion to intervene, and that appeal is docketed in this court as number 2–20 (docket number 74C618 in the district court). It will be ruled upon in a separate opinion.

The plaintiffs-appellees then brought another action in the Eastern District of New York to annul the final order of the COLC and to enjoin its enforcement. The COLC has appealed from the district court's granting on April 23 of a temporary restraining order against COLC's final order and its ruling on May 13th denying the COLC's motion to dismiss the plaintiffs' complaint and granting a temporary injunction. This appeal is docketed as No. 2–19.

In general the series of rulings by the district court, including the issuance of temporary restraining orders and temporary and permanent injunctions, have been directly aimed at frustrating the administrative proceedings. But for the several stays granted by this court, it would have succeeded. Thus far the case has never been reviewed on its merits; the issues are entirely procedural.

■ At the threshold a question arises whether the temporary restraining order against the COLC's temporary order is appealable. We hold that it is appealable under the rationale of Sampson v. Murray, 415 U.S. 61, 94 S.Ct. 937, 39 L.Ed.2d 166 (decided Feb. 19, 1974), and that the temporary restraining order is invalid. There was no showing, as required, of irreparable injury, since the effect of the COLC's temporary order was merely to postpone, and not to reduce, the payment of wages to which, upon final determination, it was decided the policemen were entitled. As *Sampson* points out, "the temporary loss of income, ultimately to be recovered, does not usually constitute irreparable injury" (415 U.S. at 88, 94 S.Ct. at 952). In any event, there are no F.R.Civ.P. 52(a) findings and conclusions to support the district court's order, as required when the duration of such an order is indefinitely extended beyond the limits of F.R.Civ.P. 65(b). National Mediation Board v. Air Line Pilots Association, 323 F.2d 305 (D.C. Cir. 1963).

■ There was no basis for removal of the unfinished COLC proceedings to the Eastern District of New York. Section 211(a) of the Economic Stabilization Act and 28 U.S.C. § 1441(a) both contemplate removal from other court proceedings to a federal district court; they do not apply to the interruption of administrative proceedings of the COLC.

■ The preliminary and permanent injunctions against further COLC proceedings cannot be justified by § 207(b) of the Economic Stabilization Act, as amended, since the legislative history of the amendment shows that the requirement of a prior hearing is not applicable to temporary orders, postponing, as opposed to reducing, wages. But even if § 207(b) were applicable, the injunction against further COLC proceedings, which would have afforded the hearing desired, was self-defeating. Nor was there any ground for barring further COLC proceedings under 6 C.F. R. § 152.4(b), 38 F.R. 23614, Aug. 31, 1973. The sixty days in which the COLC may take action under this section only applies, by its terms, to pay increases where there has been a prior reduction in wage scale by the COLC, which is not the case here.

■ In each of the above orders, the district court prematurely interfered with the normal course of administrative proceedings, a practice ordinarily disapproved. See Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50–52, 58 S.Ct. 459, 82 L.Ed. 638 (1938); Macauley v. Waterman S. S. Corp., 327 U.S. 540, 543–545, 66 S.Ct. 712, 90 L.Ed. 839 (1946); McKart v. United States, 395 U.S. 185, 193–195, 89 S.Ct. 1657, 23 L. Ed.2d 194 (1969); Sampson v. Murray, *supra.* There are disclosed no circumstances which could justify any such action in this case.

The orders entered by the district court in Docket Numbers 2–13, 2–14 and 2–15 are reversed and vacated.

It is unnecessary to decide whether intervention in these preliminary procedural disputes by Nassau County Village Officials Association was properly denied under F.R.Civ.P. 24 (Appeal 2–17).

**1344**

Nassau County Village Officials Association's sole purpose for intervening in the matters below was to resist the attempts by appellees to block further COLC action, a result which is now achieved. Appeal No. 2–17 is, therefore, dismissed without prejudice.

The preliminary injunction of May 13 against the COLC's final order does not share the same elements of premature interruption of the administrative process as the rulings by the district court prior to the COLC's final order, but it is still invalid. When the temporary restraining order of April 23 was converted into a preliminary injunction on May 13 it was not accompanied by findings of fact and conclusions of law as required by F.R.Civ.P. 52(a).

The petition for the review by the district court (Docket 2–19 in this court of appeals) of the final order of the COLC has never been considered on its merits by the district court to determine whether, as provided in § 211(d)(1) of the Economic Stabilization Act, that order was either in excess of the agency's authority, or based upon findings not supported by substantial evidence. Until an appeal, if any, reaches this court from such a determination, we, of course, intimate no decision on its merits.

The orders issued by the district court in Docket No. 2–19 are reversed and vacated and the case is remanded to the district court for hearing and adjudication on its merits.