597 F.2d 1100
 100 L.R.R.M. (BNA) 3227, 48 A.L.R.Fed. 733,
85 Lab.Cas. P 11,226
 George FLOETER, Lynn Robinson, Robert Zubella, Robert
Donahue, Ralph Starr, Oscar Alft, Robert Behr, Martin
Przybylski, Robert Bean, Arvin Behn, Arne Carlson, Norman
Killian, Len Gillman, and Wayne Brody, Plaintiffs-Appellants,
v.
C. W. TRANSPORT, INC., and Local 354, International
Brotherhood of Teamsters, Defendants-Appellees.
 No. 78-1592.
 United States Court of Appeals,
Seventh Circuit.
 Argued Feb. 15, 1979.
Decided March 30, 1979.
 
 James B. Connell, Wausau, Wis., for plaintiffs-appellants.
 David L. Uelmen, Milwaukee, Wis., for defendants-appellees.
 Before FAIRCHILD, Chief Judge, CASTLE, Senior Circuit Judge, and WOOD, Circuit Judge.
 PER CURIAM.
 
 
 1
 This is an action brought by fourteen employees of the defendant, C. W. Transport, Inc., against their employer and their local union. The complaint, which was originally filed in 1975 before the Wisconsin Employment Relations Commission and removed to the United States District Court for the Western District of Wisconsin by the defendants, alleges that the union and the employer conspired to give "superseniority" to two employees in violation of the collective bargaining agreement between the union and the employer. In March, 1978 the district court granted summary judgment to both defendants. The two issues raised by this appeal are (1) whether the district court was correct in holding that the Wisconsin Employment Relations Commission was a "state court" for the purposes of the removal statute, 28 U.S.C. § 1441(a); and (2) whether the district court erred in granting summary judgment to the defendants. We affirm the decision of the district court in both respects.
 
 REMOVAL
 Title 28, U.S.C. § 1441(a) states:
 
 2
 "(A)ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."
 
 
 3
 Since this was an action to enforce a collective bargaining agreement, it fell within the jurisdiction of the United States District Court. 29 U.S.C. § 185(a). Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957). The only question, then, is whether the Wisconsin Employment Relations Commission was a "state court" from which the action could be removed. It is a question which has been expressly left open by this court. International Union of Operating Engineers v. Morse, 529 F.2d 574, 577, n. 1 (1976).
 
 
 4
 In a case dealing with a situation virtually identical to that presented here, the United States District Court for the Eastern District of Wisconsin applied a functional test and held that the Wisconsin Employment Relations Commission was a state court from which an action alleging a breach of a collective bargaining agreement could be removed. Tool & Die Makers, etc. v. General Electric Co., X-Ray Dept., 170 F.Supp. 945 (1959). The Tool & Die Makers decision has been cited with approval in several subsequent discussions of the question, including that of the only Court of Appeals to thus far address the issue, the First Circuit decision in Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board, 454 F.2d 38 (1972).[1]
 
 
 5
 We agree with and adopt the First Circuit's analysis in Volkswagen de Puerto Rico. We hold that the title given a state tribunal is not determinative; it is necessary to evaluate the functions, powers, and procedures of the state tribunal and consider those factors along with the respective state and federal interests in the subject matter and in the provision of a forum. Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board, 454 F.2d at 44.
 
 
 6
 When we apply this functional test to the role of the Wisconsin Employment Relations Commission in disputes alleging breaches of collective bargaining agreements and unfair representation, we reach the same conclusion reached by the district court in Tool & Die Makers. The complaint filed with the WERC was basically a breach of contract and unfair representation action; it could have been brought in either state or federal court as alternative forums, but would have been determined by federal law regardless of the forum in which it had been brought; WERC procedures are substantially similar to those traditionally associated with the judicial process;[2] the WERC's need to resort to the court system for enforcement of its orders does not change the essentially judicial character of the proceedings; and the state's interest in providing a "convenient and expeditious tribunal to adjudicate the rights and interests of parties to a labor dispute"[3] is not substantially greater than the state's interest in maintaining any court system and does not outweigh the defendant's right to remove the action to federal court. The Supreme Court of Wisconsin has itself recognized that the WERC is vested with " judicial power." Layton School of Art & Design v. WERC, 82 Wis.2d 324, 350, 262 N.W.2d 218 (1978). We therefore affirm the decision of the district court holding that the action was properly removed from the WERC.
 
 
 7
 We stress, however, that our holding is limited by the facts of this case. The WERC's jurisdiction is much broader than simply adjudicating actions alleging breaches of collective bargaining agreements. Other actions brought before the agency may involve different state and federal interests, or a different agency role, and a weighing of the competing interests in those cases might well result in a determination that those cases cannot be properly removed. In this case, however, we sustain the defendant's right to remove the action to a federal forum.
 
 SUMMARY JUDGMENT
 
 8
 The plaintiffs' complaint alleged a conspiracy between the union and the employer to grant superseniority to two other employees. The defendants' answers, and uncontested supporting affidavits, established that the seniority of the two other employees had been established through a contractually-established arbitration procedure. The provisions of the collective bargaining agreement made arbitration the final and exclusive remedy for resolution of contract disputes. As the plaintiffs acknowledge, then, they could not have succeeded in this action unless they first established that the union's representation of them in the arbitration procedure was arbitrary, discriminatory, or in bad faith. Hines v. Anchor Motor Freight, 424 U.S. 554, 96 S.Ct. 1048, 47 L.Ed.2d 231 (1976).
 
 
 9
 The district court reviewed the plaintiffs' complaint and concluded, notwithstanding the purely conclusory claims of conspiracy, that it did not set forth the specific allegations of unfair representation in the arbitration proceeding necessary to avoid the finality of the arbitration decision. We agree. Williams v. General Foods Corp., 492 F.2d 399 (7th Cir. 1974); Schultz v. Owens-Illinois, 560 F.2d 849 (7th Cir. 1977). The plaintiffs did not seek leave to amend their complaint and we see nothing in the record which would suggest that the plaintiffs could have stated a cause of action for unfair representation if an amendment had been allowed.
 
 
 10
 Accordingly, the judgment of the district court is affirmed in all respects.
 
 
 
 [1]
 See also Martin v. Schwerman Trucking, 446 F.Supp. 1131 (E.D.Wis.1978); 1A Moore's Federal Practice P 0.157(4.6); Note, 67 Yale Law Journal 615 (1970); But see California Packing Corp. v. I. L. W. U. Local 142, 253 F.Supp. 597 (D.Hawaii, 1966)
 
 
 [2]
 Layton School of Art & Design v. WERC, 82 Wis.2d 324, 364, 262 N.W.2d 218, 226 (1978)
 
 
 [3]
 Id. at 341, 262 N.W.2d 218