**In the Matter of the REGISTRATION OF EDUDATA CORPORATION, a Delaware Corporation.**

Civ. No. 3–84–1352.

United States District Court,
D. Minnesota,
Third Division.

Oct. 4, 1984.

Alan Gilbert, Charles Wikelius, Sp. Asst. Attys. Gen., St. Paul, Minn., for Minnesota Com'r of Commerce.

William Keppel, and James Altman, Dorsey & Whitney, Minneapolis, Minn., for Intervenor Scientific Computers, Inc.

Robert J. Sheran, Thomas E. Glennon, and Michael Olafson, Lindquist & Vennum, Minneapolis, Minn., for Edudata Corp.

## ORDER

DIANA E. MURPHY, District Judge.

This matter has just been removed to this court pursuant to 28 U.S.C. § 1441 by Edudata Corporation (Edudata). Edudata seeks to remove the matter from the State of Minnesota, Department of Commerce, Commissioner of Commerce. The verified petition for removal states that it is a civil action in which this court has original diversity jurisdiction under 28 U.S.C. § 1332. It further states that the action is invalid under the Supremacy and Commerce Clauses of the United States Constitution. Before the court is a motion by Michael A. Hatch, Commissioner of Commerce, to remand the matter to the Commissioner pursuant to 28 U.S.C. § 1447(c).

The Commissioner has submitted a memorandum in support of his motion, and Edudata has submitted a memorandum in opposition, together with two affidavits and attached exhibits. A hearing was held on the motion today, at which the court heard arguments on behalf of the Commissioner, Edudata, and Scientific Computers Inc. (SCI). The court has now carefully considered the arguments and authorities raised, as well as the applicable law, and finds that the motion should be granted.

The Commissioner argues that the administrative proceeding before him is not a civil action brought in a state court and therefore not removable under 28 U.S.C. § 1441.[1] He also argues that original jurisdiction is lacking in this court since his administrative order does not raise a federal question, and Edudata's constitutional issues raised as defenses do not arise under federal law. See e.g., Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Diversity jurisdiction is also lacking because there is no plaintiff or defendant in the administrative proceeding so there can be no diverse parties.

Edudata argues that this state administrative proceeding is judicial in nature and is therefore removable. It states that a functional test should be applied and that the broad powers conferred on the Commissioner by Chapter 808 of the Minnesota Statutes and the procedural history of this matter show its judicial nature. The Commissioner has ordered a hearing, subpoenas have been issued, and SCI has been permitted to intervene. At the hearing counsel for Edudata stated that it was not until the Commissioner's order of October 2, 1984, permitting SCI to intervene, that the matter was considered removable. SCI's status as intervenor was considered relevant for purposes of diversity jurisdiction. Edudata urges that the court has original jurisdiction over this matter because it already has jurisdiction over three cases involving the respective claims and allegations of Edudata, SCI, and the Commissioner. (Civil Nos. 4–84–968, 4–84–978, 4–84–980)

The circuit court cases cited by Edudata supply a test to determine whether a matter is a "civil action" brought in a state court and thus removable. There are two parts to the test. One is "to evaluate the functions, powers, and procedures of the state tribunal." *Floeter v. C.W. Transport, Inc.*, 597 F.2d 1100, 1102 (7th Cir.

---

1. Section 1441(a) states in pertinent part:

 [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

1979). The other is to "consider those factors along with the respective state and federal interests in the subject matter and in the provision of a forum." *Id.* The Seventh Circuit adopted this test from the First Circuit's decision in *Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board,* 454 F.2d 38, 44 (1st Cir. 1972). The Seventh Circuit also stated its holding was limited by the facts of the case, and it relied on an earlier decision finding the same state agency, the Wisconsin Employment Relations Commission, a state court from which the action could be removed. (*Tool & Die Makers v. General Electric Company,* 170 F.Supp. 945 (E.D. Wis.1959)).

Edudata's arguments have focused largely on the first part of the test. Many administrative proceedings are characterized by subpoenas, the examination and cross examination of witnesses, preparation of findings of fact, and applications for sanctions. Application of a procedural test alone could lead to widespread disruption of administrative proceedings and would seem to thwart the intent of Congress in § 1441(a).

The general rule is that administrative proceedings are not subject to interruption by removal. *See e.g., County of Nassau v. Cost of Living Council,* 499 F.2d 1340, 1343 (Em.App.1974); Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction* § 3721 (1976). In general a proceeding before a Minnesota agency becomes a civil action removable under § 1441 only after it is appealed. *See Range Oil Supply Co. v. Chicago, Rock Island & Pacific Rd. Co.,* 248 F.2d 477 (8th Cir.1957).

Edudata has raised a constitutional challenge to two Minnesota statutes, portions of the Minnesota Corporate Take-Overs Act in Chapter 80B and of the Minnesota Business Corporation Act in Chapter 302A. *See* this court's Order dated September 28, 1984 in Civil Nos. 4–84–968 and 978. The Commissioner is proceeding under the former. If the administrative proceeding continues, the matter may be resolved favorably to Edudata. This would appear to moot Edudata's constitutional challenge to that statute. (This court, unlike the state court, did not grant SCI any relief under Minn.Stat. Ch. 302A.) Federal policy favors avoiding unnecessary constitutional decisions, and it also favors careful resolution of constitutional issues when necessary. This court has a hearing scheduled for October 17 on the motions of Edudata and SCI for a preliminary injunction. Discovery is taking place in the meantime, and the administrative proceeding may assist in developing the record. The state obviously has an interest in a federal court not interfering with its administrative proceeding. It is true that the federal interest would not favor an administrative proceeding pursuant to a preempted statute, but a full hearing is scheduled on this very issue on October 17. The court will then be in a better position to assess the merits of Edudata's constitutional claims. The court in its previous order of September 28, 1984 found that Edudata would not be irreparably harmed by the Commissioner's proceeding in the meantime.

On balance then, considering the functional test and the competing federal and state interests, the court finds that the state administrative proceeding is not a civil action brought in a state court within the meaning of the removal statute. It is therefore not removable under 28 U.S.C. § 1441(a).

Original jurisdiction is also lacking over this matter. The matter arises under state law, and federal question jurisdiction cannot be established by Edudata's defenses. *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). There is not diversity jurisdiction because there are no diverse parties to the action. Furthermore, during the hearing on this motion SCI formally withdrew as intervenor in the administrative proceeding.

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that the motion to remand pursuant to 28 U.S.C. § 1447(c) is granted, and this action is hereby remanded to the Minnesota Commissioner of Commerce.