James B. Stephenson, II, White & Allen, Kinston, NC, for plaintiff.

Valerie L. Bateman, NC Dept. of Justice, Raleigh, NC, for defendant.

**Russell G. GINN, Plaintiff,**

v.

**NORTH CAROLINA DEPARTMENT OF CORRECTIONS; DIVISION OF PRISONS, Defendant.**

**No. 93–50–CIV–4–BO.**

United States District Court, E.D. North Carolina, New Bern Division.

Aug. 4, 1993.

## ORDER

TERRENCE WILLIAM BOYLE, District Judge.

Defendant North Carolina Department of Corrections removed plaintiff's discrimination claim from the North Carolina Office of Administrative Hearings to this court. Plaintiff has moved to remand on the ground that his claim is not a removable case. For the reasons set out below, the court holds that the instant dispute is not a "civil action brought in a State court" within the meaning of 28 U.S.C. § 1441, and that remand is therefore appropriate.

## PROCEDURAL BACKGROUND

Plaintiff Russell G. Ginn is an employee of the North Carolina Department of Corrections (DOC). On January 20, 1989, Ginn filed an employment discrimination charge with the Equal Employment Opportunity Commission (EEOC) and the North Carolina Office of Administrative Hearings, contending that the DOC did not promote him to the

position of Supervisor of the Greene County Correctional Center because of age discrimination and failed to provide a veteran's preference in choosing a Supervisor. On January 19, 1991, Mr. Ginn and the DOC entered into a settlement agreement in which DOC agreed that plaintiff would receive a 10% increase in salary in exchange for dropping his discrimination claims.

Some time after this settlement, the Supervisor's position again became vacant and the Mr. Ginn applied for and was awarded the job through routine DOC procedures. After the promotion, however, the DOC informed Mr. Ginn that he would not be given any salary increase along with his promotion because of the increase in pay he received under the settlement agreement.

On December 20, 1991, Mr. Ginn filed a second grievance with the EEOC, charging that the DOC denied him an increase in salary in retaliation for his prior charges of discrimination. The EEOC deferred consideration of the discrimination charge to the Civil Rights Division of the North Carolina Office of Administrative Hearings (OAH). After an investigation, the Civil Rights Division issued a Notice of Determination finding that there was reasonable cause to believe that he was denied an increase in salary in retaliation for his prior charges of discrimination. A petition for a contested case hearing was filed with the Hearings Division of the OAH on March 12, 1993. On March 30, 1993 the DOC removed the action to this court. Mr. Ginn filed a timely motion to remand pursuant to 28 U.S.C. § 1447(c), and that motion is now before the court for consideration.

## DISCUSSION

Under 28 U.S.C. § 1441, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Because the court holds that the proceedings before the OAH are not a "civil action", the OAH is not a "State court" and the matter before the OAH is not within the original jurisdiction of this court, the instant action is not removable.

### 1. The Proceedings are not a "Civil Action."

 In its petition for removal, the DOC contends that the Mr. Ginn's claim before the OAH "is a claim 'arising under the Constitution, treaties, or laws of the United States,' to wit: 29 U.S.C. § 621 et seq." The provisions the DOC cites, known as the Age Discrimination in Employment Act (ADEA), provide a mechanism for private individuals to enforce their statutory rights to be free of age discrimination by bringing civil lawsuits. Title 29 U.S.C. § 626 provides that an aggrieved party may "bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this Chapter." A civil action under Section 626 may be brought in either state or federal court, and if brought in state court would of course be removable by the defendant because it arises under federal law. Baldwin v. Sears, Roebuck and Co., 667 F.2d 458 (5th Cir.1982); Jacobi v. High Point Label, 442 F.Supp. 518 (M.D.N.C.1977).

Prior to bringing a civil action under Section 626, however, a litigant must first initiate any available state administrative remedies.

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under Section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law ...

29 U.S.C. § 633(b). Astoria Federal Savings & Loan v. Solimino, —— U.S. ——, ——, 111 S.Ct. 2166, 2171, 115 L.Ed.2d 96 (1991); Oscar Mayer & Co. v. Evans, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). North Carolina has enacted a law prohibiting age discrimination in employment, N.C.Gen.Stat. § 126–16, and has designated the OAH as the "deferral agency" from which to seek relief from age discrimination, N.C.Gen.Stat. § 7A–759. A claimant who wishes to bring a

civil action under 29 U.S.C. § 626 must therefore wait 60 days after filing his claim with the OAH under state law. The claim before the OAH is a "proceeding . . . commenced under the State law" that triggers the beginning of the 60 day waiting period required by Section 633. It follows logically that the claim before the OAH cannot also be a "civil action" which may be commenced only after that period has expired.

Based upon this reasoning, the court concludes that a contested case hearing before the OAH is not a "civil action" which is removable under 28 U.S.C. § 1442.

### 2. The OAH is Not a State Court.

■ Although 28 U.S.C. § 1442 clearly permits removal from state courts, "the general rule is that administrative proceedings are not subject to interruption by removal," *In re Registration of Edudata Corp.*, 599 F.Supp. 1089, 1091 (D.Minn.1984). It is therefore critical to determine whether when conducting a contested case hearing the OAH is acting as a court or as an administrative agency. Federal courts considering this question with similar agencies have applied a two part "functional" test to determine whether the entity from which removal is sought is a "court" for purposes of removal jurisdiction. First, the court must "evaluate the functions, powers, and procedures of the state tribunal." Secondly, the court must "consider those factors along with the respective state and federal interests in the subject matter and in the provision of a forum." *Floeter v. C.W. Transport, Inc.*, 597 F.2d 1100, 1102 (7th Cir.1979); *see also Volkswagon de Puerto Rico, Inc. v. Puerto Rico Labor Relations Board*, 454 F.2d 38, 44 (1st Cir.1972); *In re Edudata*, 599 F.Supp. at 1090–91.

In arguing that the OAH meets the first prong of the test, the DOC points out that

administrative law judges (ALJs) apply the Rules of Civil Procedure and Rules of Evidence in matters before the OAH. The ALJ is empowered to administer oaths and affirmations, issue subpoenas, and take testimony, and the ALJ's decision is final and binding on the parties to a contested case hearing brought under N.C.Gen.Stat. § 7A–759. N.C.Gen.Stat. § 150B–36(c)(2). The court agrees that in these areas, the functions, powers, and procedures of the OAH are very much like those of a court.[1]

The proceedings of the OAH do not meet the second and more important test for removability, however. It is evident from the ADEA and the North Carolina statutes which make the OAH a deferral agency for ADEA claims that both state and federal interests in "the subject matter and in the provision of a forum" militate strongly in favor of treating OAH hearings as administrative, rather than judicial proceedings.

Both legislative history and subsequent court construction demonstrate that the purpose of the deferral provisions in 29 U.S.C. § 633(b) and the parallel provision in Title VII, 42 U.S.C. § 2000e–5(c) was to give states the first opportunity to handle discrimination claims under state law, before invoking federal court proceedings. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). *See also Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 825, 110 S.Ct. 1566, 1569, 108 L.Ed.2d 834 (1990); *Kremer v. Chemical Construction Co.*, 456 U.S. 461, 474, 102 S.Ct. 1883, 1893, 72 L.Ed.2d 262 (1982).[2] These provisions serve the federal interest of "screening out" of federal court those disputes which can be settled at the state level, as well as the state interest in avoiding undue federal intervention in state administrative affairs. Allowing agencies like the DOC to remove

---

1. The court notes, however, that while findings of age discrimination by a state court would be afforded preclusive effect in later federal litigation of the same issues, the factual findings of a deferral agency are not binding on federal courts. *Astoria Federal Savings and Loan*, —— U.S. at ——, 111 S.Ct. at 2168.

2. Although *Yellow Freight* and *Kremer* are cases decided under Title VII rather than the ADEA,

the Supreme Court has held that the deferral provisions in Title VII, 42 U.S.C. § 2000e–5(c) serve the same purposes as the deferral provision in Section 633(b), and that Congress intended that the construction of the two sections be the same. *Oscar Mayer*, 441 U.S. at 756, 99 S.Ct. at 2071. Cases construing 42 U.S.C. § 2000e–5(c) are therefore instructive when deciding issues under Section 633(b).

807

contested case hearings to federal court would undercut both of these interests, and subvert the intent of Congress to allow "States [which] already have functioning antidiscrimination programs ... every opportunity to employ their expertise and experience without premature interference by the Federal Government." *Kremer*, 456 U.S. at 474, 102 S.Ct. at 1893, *quoting* 110 Cong.Rec. 12725 (1965).

Upon finding that the OAH does not satisfy the second prong of the functional test to be a "state court" for removal purposes under 28 U.S.C. § 1441, the court holds that remand is proper.

## CONCLUSION

For each of the reasons set out above, the court holds that there is no basis for removing the proceedings between Mr. Ginn and the North Carolina Department of Corrections to federal court. Accordingly, the instant case is REMANDED to the North Carolina Office of Administrative Hearings.

SO ORDERED.