Michelle L. WESO P.O. Box 1013 Keshena, WI 54135, Plaintiff,

v.

MENOMINEE INDIAN SCHOOL DISTRICT, (MISD) Board, Members, et al., Superintendent, John Rothlisburg, Personnel Director, Mark Smits P.O. Box 850 Keshena, WI 54135, Defendants.

No. 95–C–895.

United States District Court, E.D. Wisconsin.

Dec. 11, 1995.

Rita Keshena, Keshena, WI, for Plaintiff.

Godfrey & Kahn by Robert W. Burns and Angela M. Samsa, Green Bay, WI, for Defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

On August 28, 1995, the defendants filed a verified petition for removal of the above-captioned action from the Menominee Tribal Court for Menominee County. On that same date, the defendants filed a verified complaint in another case, *Burnell R. Reiter v. MISD*, Case Number 95–C–896. Case number 95–C–895 was randomly assigned to the branch over which I preside while case number 95–C–896 was randomly assigned to another branch of this court, Judge Rudolph T. Randa presiding.

By letter of August 30, 1995, I informed the parties of my uncertainty as to whether the removal statute, 28 U.S.C. § 1441, permits removal of an action from a tribal court and invited the parties in case number 95–C–895 to file briefs addressing that issue. The parties have submitted their briefs and that issue is now ready for resolution.

In addition to the issue of removal, the plaintiff, Michelle Weso, filed a motion seeking consolidation of the instant case with case number 95–C–896 for the limited purpose of determining whether removal of these cases from the Menominee Tribal Court was proper under 28 U.S.C. § 1441.

### I. MOTION TO CONSOLIDATE

Consolidation of two or more cases for a limited purpose or for all future proceedings is permitted under Local Rule 4.03. Ms. Weso seeks consolidation of her lawsuit with case number 95–C–896 for the sole purpose of deciding whether such actions were properly removed from the Menominee Tribal Court. As noted previously, that issue is before me in case number 95–C–895. The defendants oppose consolidation contending

that removal is not warranted because the plaintiff in case number 95–C–896, Ms. Reiter, did not object timely to removal of case number 95–C–896 and thus, no issue exists as to removal in that case.

An objection to removal and request for remand must be made within thirty days of the filing of the notice of removal. 28 U.S.C. § 1447(c). It is undisputed that Ms. Reiter failed timely to file an objection to removal of her action; there is an unresolved motion pending before Judge Randa in case number 95–C–896 to extend time to object to removal.

Because no issue presently exists as to the sufficiency of removal in case number 95–C–896, I decline Ms. Weso's invitation to consolidate the instant case with case number 95–C–896 for the limited purpose of determining whether such cases were properly removed.

## II. REMOVAL UNDER 28 U.S.C. § 1441

On July 28, 1995, the plaintiff filed a complaint in the Menominee Tribal Court for Menominee County alleging that the defendants violated the Indian Self–Determination and Educational Assistance Act, 25 U.S.C. § 450e(b), by their failure to grant her unqualified preference in hiring for a teaching position at the defendant school district. In addition, Ms. Weso maintains that the defendants violated Menominee Indian School District Board of Education Policy 402 which contains preference standards for hiring Indians by failing to hire her. As noted previously, the defendants removed this action on August 28, 1995, pursuant to 28 U.S.C. § 1441(b) on the ground that it constituted a civil action arising out of a claim of right under the laws of the United States over which the court has original jurisdiction. Ms. Weso does not dispute the fact that this court has federal question jurisdiction over this action as set forth in 28 U.S.C. § 1331.

The basis for removing an action to federal court is delineated in 28 U.S.C. § 1441 which provides, in part (emphasis added):

(a) ... any civil action brought in a **State court** of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending....

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The defendants argue that removal of this action from the tribal court is proper despite the limitation under 28 U.S.C. § 1441(a) that removal be had from a "State court" because such limitation is not applicable to the removal of an action, like the one at hand, over which the court has federal question jurisdiction. According to the defendants, removal of an action involving a federal question is governed solely by the provisions of 28 U.S.C. § 1441(b) which contains no language authorizing removal jurisdiction only from state courts. The defendants insist that conditioning federal question removal upon satisfaction of § 1441(a) would render the provisions of § 1441(b) superfluous.

█ In my opinion, neither the language of 28 U.S.C. § 1441 nor controlling case law supports the defendants' proposition. The statutory language of § 1441(a) makes its terms, including the state court requirement, applicable to **any** case of which the United States has original jurisdiction. This designation includes actions involving a federal question. Furthermore, contrary to the defendants' assertion, the language of § 1441(b) is not superfluous to the language of § 1441(a). Section 1441(b) provides that the citizenship and residence of the parties are immaterial to removal in federal question cases but highly relevant in other cases over which the court has original jurisdiction. This factor is not addressed in § 1441(a).

More importantly, the court of appeals for the seventh circuit has recognized that the provisions of § 1441(a) limiting removal jurisdiction to state courts is equally applicable

to federal question cases. *Floeter v. C.W. Transport, Inc.*, 597 F.2d 1100 (7th Cir.1979). In *Floeter*, the court of appeals conditioned removal of an action arising under the Labor Management Relations Act, 29 U.S.C. § 185(a), on satisfaction of the "State court" requirement of § 1441(a). *Id.*

Accordingly, I find that the state court prerequisite identified in § 1441(a) is applicable to actions purportedly removed under § 1441(b).

Alternatively, the defendants argue that removal of the instant case was proper because the "State court" language under § 1441(a) encompasses actions commenced in tribal courts. The defendants urge this broad interpretation based upon the decision of the court of appeals for the seventh circuit in *Floeter*, and the federal interest in the interpretation of federal law.

In *Floeter*, the court of appeals held that a functional test should be applied to determine whether a state tribunal constitutes a "State court" for purposes of removal jurisdiction. *Id.* at 1102. In so holding, the court of appeals concluded that the Wisconsin Employment Relations Commission was a state court under the removal statute.

The plaintiff argues that the instant action is distinguishable because, unlike the situation facing the court in *Floeter*, the entity from which this case was removed is not a *state* tribunal. The defendants do not challenge the plaintiff's characterization of the Menominee Tribal Court as a *non-state* tribunal.

For the reasons articulated by Ms. Weso, I find that the *Floeter* decision does not directly control the resolution of the issue before me. The court of appeals itself limited the holding in *Floeter* to the facts at hand. *Id.* ("We stress ... that our holding is limited by the facts of this case."). I decline to extend the ruling of the court of appeals in *Floeter* to the present action as it involves facts which are materially different than those before the court of appeals.

The parties have not identified, nor has my research uncovered, any controlling seventh circuit case law which resolves the issue of whether the state court requirement for re-

moval jurisdiction encompasses a non-state body. However, in *Becenti v. Vigil*, 902 F.2d 777 (10th Cir.1990), the court of appeals for the tenth circuit has confronted this issue; it held that the removal statute invoked therein—28 U.S.C. § 1442(a)(1)—does not extend to tribal courts. 28 U.S.C. § 1442(a)(1) contains a state court limitation to removal like that found in § 1441(a). The *Becenti* court reasoned that the express language of the statute demonstrated that Congress had not yet seen fit to extend removal jurisdiction to tribal court proceedings.

In considering a related issue, the court of appeals for the ninth circuit held that it could not read congressional references in 28 U.S.C. § 1443(1) to an action in "State" court as including an action in the Territory of Guam. *People of the Territory of Guam v. Landgraf*, 594 F.2d 201, 202 (9th Cir.1979). 28 U.S.C. § 1443(1) is the removal statute applicable to civil rights actions.

■ In my opinion, the statutory language of 28 U.S.C. § 1441(a) limiting removal to actions commenced in "State courts" does not extend to an action originally commenced in the Menominee Tribal Court. When Congress intended to extend § 1441 to an entity other than courts of the fifty states, it has done so expressly. *See* 28 U.S.C. § 1451 (defines "State" under the removal statutes to include the District of Columbia).

The defendants cogently argue that a federal court is in a better position to interpret federal law, including the Indian Self–Determination and Educational Assistance Act. Nevertheless, like the contention raised by the defendants in *Becenti*, this argument is only pertinent to whether Congress should authorize removal of actions commenced in tribal courts involving federal questions, but has no bearing upon whether Congress has in fact done so.

■ The defendants also argue that the *Becenti* decision and the *Landgraf* decision are not relevant because neither case interpreted the precise removal statute invoked herein—28 U.S.C. § 1441. Admittedly, these cases each involved different removal provisions—28 U.S.C. §§ 1442(a)(1) and 1443(1). However, that fact alone does not undermine

their persuasive value as to Congress' use of the phrase "State courts." Moreover, that the use of the phrase "State courts" is to be given uniform meaning for all of the removal provisions is evidenced by the fact that 28 U.S.C. § 1451 defines "State courts" and "State" for purposes of 28 U.S.C. §§ 1441 through 1452. *See* 28 U.S.C. § 1451 ("For purposes of this chapter—(1) The term 'State court' includes the Superior Court of the District of Columbia. (2) The term 'State' includes the District of Columbia.").

Accordingly, I find that Ms. Weso's action was erroneously removed. The defendants' petition for removal will be denied and this action will be remanded to the Menominee Tribal Court for Menominee County.

Therefore, IT IS ORDERED that the defendants' petition for removal be and hereby is denied.

IT IS ALSO ORDERED that the clerk of court be and hereby is directed to remand this action to the Menominee Tribal Court for Menominee County.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. § 1447(c), the defendants be and hereby are directed to pay the costs, including legal fees, incurred by the plaintiff as a result of the removal.