**BOROUGH OF OLYPHANT, Plaintiff**

v.

**PENNSYLVANIA POWER & LIGHT COMPANY; PPL Corporation; PPL Electric Utilities Corporation; and PPL Generation, LLC, Defendants**

**No. 3:01 CV 2308.**

United States District Court, M.D. Pennsylvania.

June 27, 2003.

Sal Cognetti, Jr., Foley, Cognetti & Comerford, Scranton, PA, for Defendants.

Cosmo J. Mustacchio, Scranton, PA, Charles F. Wheatley, Jr., Annapolis, MD for Borough of Olyphant.

Edward H. Rippey, Covington & Burling, Washington, DC, Glen R. Stuart Morgan Lewis & Bockius, Philadelphia, PA for PPL Corp.

### *MEMORANDUM*

MUNLEY, District Judge.

Before the Court is defendants' Motion to Strike Notice of Removal and/or to Remand to State Agency and for an Award of Costs. Defendants are Pennsylvania Power & Light, PPL Corporation, PPL Electric Utilities Corporation, and PPL Generation, LLC (collectively "PPL"). Plaintiff is the Borough of Olyphant. PPL's motion has been fully briefed and is ripe for disposition. For the reasons that follow, we will grant its motion to strike Olyphant's Notice of Removal and deny its motion for an award of costs.

### I. Background

PPL filed a petition with the Pennsylvania Public Utilities Commission ("PUC") on October 17, 2002. In that petition, PPL seeks declaratory judgment on the following issues: (1) whether "the Mid–Valley Industrial Park ("Park") is within PPL's

service territory pursuant to a certificate of public convenience issued by the PUC ...." and [whether] "only the PUC can require PPL to abandon electricity service to customers in the Park;" and (2) whether "any retail customer of PPL in the Borough must continue to pay certain PUC-ordered "stranded costs," known as intangible transition charges ("ITCs") and competitive transition charges ("CTCs"), previously imposed by the PUC even if the customer were to receive service from the Borough instead of PPL." (PPL Br. at 2). The PUC Office of Trial Staff ("OTS") answered PPL's petition on October 28, 2002. In its answer, the OTS recommends that the PUC enter an order in PPL's favor. (PPL Br., Ex. A at 5).

On November 12, 2002, Olyphant filed Notice of Removal of the PUC proceeding to this Court pursuant to 28 U.S.C. §§ 1441(b), 1446, and Rule 11 of the Federal Rules of Civil Procedure. In its removal notice, Olyphant alleges that PPL's petition before the PUC raises issues regarding federal antitrust law that should be decided in federal court. In response to Olyphant's removal notice, PPL has filed the instant motion pursuant to 28 U.S.C. § 1447(c), arguing, among other things, that cases may not be removed to federal court from state administrative agencies, such as the PUC.

## II. Discussion

The PUC is not a state court, and therefore 28 U.S.C. § 1441 does not permit removal of cases before it to federal court. The removal statute permits defendants to remove cases "brought in State court of which the district courts of the United States have original jurisdiction...." 28 U.S.C. § 1441. All doubts concerning the removal of a case should be resolved in favor of remand. *Abels v. State Farm,* 770 F.2d 26, 29 (3d Cir.1985). In this matter, there is little doubt that the case before the PUC may not be removed to federal court because the PUC is not a state court. *See Sun Buick, Inc. v. Saab Cars USA, Inc.,* 26 F.3d 1259, 1267 (3d Cir.1994) (holding that the Pennsylvania Board of Vehicles, a state administrative agency, was not a state court and declining to exercise jurisdiction over a removed case).

Olyphant argues that the PUC is the functional equivalent of a state court and should be treated as such for the purposes of removal. It urges that we follow the lead of the Seventh Circuit in *Floeter v. C.W. Transp., Inc.,* 597 F.2d 1100, 1102 (7th Cir.1979) and employ a "functional test" to determine the equivalency of the PUC to a state court. *Floeter* held that cases could be removed from state administrative agencies if those agencies are "vested with 'judicial power.'" *Id.* at 1102 (internal citations omitted). In making such a determination, *Floeter* evaluated the "functions, powers, and procedures of the state tribunal" in conjunction "with the respective state and federal interests in the subject matter and in the provision of a forum." *Id.*

At the outset, we note that the Third Circuit has questioned the validity of the functional test and its adoption in other circuits. *See Sun Buick,* 26 F.3d at 1263, 1264 (stating "We have found no case from the Supreme Court, nor have the parties cited one, holding that a case can be removed from an administrative agency to federal court on the grounds that the administrative agency is functionally a court."); *see also DeLallo v. Teamsters Local Union,* 1994 WL 423873 (E.D.Pa. Aug. 12, 1994) (predicting Third Circuit would refuse to adopt functional test if squarely presented with the issue). Nevertheless, the functional test is of no help to Olyphant's removal argument as the PUC is not vested with state judicial power.

The PUC is an administrative body vested with the power to regulate public utili-

ties doing business within the Commonwealth, and in furtherance of that charge it may make necessary regulations and enforce those regulations. 66 PA. CONS. STAT. § 501(a)(b). Such regulatory powers, as *Sun Buick* noted with regard to the Pennsylvania Board of Vehicles, are those of an administrative agency, not a court. *Sun Buick*, 26 F.3d at 1264–65. These powers alone indicate that the PUC is not the equivalent of a state court. *Id.* at 1265–67. Moreover, the PUC has limited ability to award damages and injunctive relief. It can award damages of no more than $1,000 and must invoke the power of the Commonwealth's courts when seeking to enforce the Public Utility Code or one of its orders or regulations. *Feingold v. Bell of Pennsylvania*, 477 Pa. 1, 383 A.2d 791, 794 (1977); 66 PA. CONS. STAT. §§ 502, 3301(a). An administrative agency cannot be the functional equivalent of a court if it does not have the power to grant relief available from a court. *Sun Buick*, 26 F.3d at 1265 (citing *Proffitt v. Comm'rs, Township of Bristol*, 754 F.2d 504, 506–07 (3d Cir.1985) *abrogated on other grounds by Hallstrom v. Tillamook County*, 493 U.S. 20, 25 n. 2, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989)). All of these factors lead us to hold that the PUC is not the equivalent of a state court.

With regard to the weight of state and federal interests, Pennsylvania has a significant interest in resolving matters before the PUC without interference from the federal courts. As noted above, PPL filed a petition with the PUC in which it seeks a declaration of rights regarding its certificate of public convenience and the continued payment of ITCs and CTCs established by PUC order. Such a declaration is obviously and intimately related to the jurisdiction of the PUC and does not directly implicate federal jurisdiction. Thus, we hold that the interests of Pennsylvania in this matter significantly outweigh federal interests.[1]

### III. Conclusion

For the above stated reasons, we will grant PPL's motion to strike Olyphant's Notice of Removal and deny its motion for costs. An appropriate order follows.

### *ORDER*

**AND NOW**, to wit, this _____ day of June 2003, it is hereby **ORDERED** that defendants' Motion to Strike Notice of Removal and/or to Remand to State Agency and for an Award of Costs (Doc. 63) is **GRANTED** in part and **DENIED** in part, as follows:

1. Defendants' Motion to Strike Notice of Removal is **GRANTED**; and

2. Defendants' Motion for an Award of Costs is **DENIED**.

---

1. PPL also moves for all costs and attorney's fees associated with Olyphant's Notice of Removal. Given the relative lack of law on the removal of cases from state administrative agencies, we decline to award costs and attorney's fees to PPL.