**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 9, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

PORTER TRUST; MATTHEW
GELLENBECK; CEDAR RIDGE
ESTATES; CHARLES LYNN,

      Plaintiffs-Appellees,

GARY BOWER; LEOLA
SCRIBNER; SHAWN INGLE;
JT MANAGEMENT; KENNETH
TODD; CLAYTON LONG; JOSEPH
PARMER; VESTA MCNULTY;
TYLER GILLIAM; HARDESTY
PROPERTIES LLC; LARRY
HAMILTON; NORMA RIEKER;
KENNETH ANAI; JAMES LYNCH;
THOMAS MORGAN; LYLE WADE
GEORGE; JAMES WESTBROOK;
JACKIE KNOX; RANDY
DURFRAIN; MARK GELLENBECK;
AMERICAN EAGLE ENTER; GENE
PORTER,

      Plaintiffs,

v.

RURAL WATER SEWER AND
SOLID WASTE MANAGEMENT
DISTRICT NO. 1, LOGAN COUNTY,
OKLAHOMA,

      Defendant-Appellant.

No. 09-6070

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:08-CV-00925-R)**

Submitted on the briefs:[*]

Steven M. Harris, Michael D. Davis, Doyle Harris Davis & Haughey, Tulsa, Oklahoma, for Defendant-Appellant.

Jeff L. Todd, Lauren E. Barghols, McAfee & Taft, A Professional Corporation, Oklahoma City, Oklahoma, for Plaintiffs-Appellees.

Before **McKAY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **EBEL**, Circuit Judge.

**EBEL**, Circuit Judge.

The plaintiffs are landowners whose property lies within the boundaries of the water and sewer district served by the defendant, Rural Water Sewer and Solid Waste Management District No. 1, Logan County, Oklahoma ("Logan 1").[1] Unhappy with the estimated cost of initiating and receiving services from Logan 1, plaintiffs filed a petition with the Logan County Board of County

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Plaintiffs were styled "petitioners" or "petitioners/plaintiffs" in the district court.

Commissioners ("Board") seeking to de-annex their land from Logan 1. *See* Okla. Stat. Ann. tit. 82, § 1324.21 (describing de-annexation petition procedure under state law). The Board scheduled a hearing on the petition. Before the hearing could be held, however, Logan 1 filed a notice to remove the proceeding before the Board to the United States District Court for the Western District of Oklahoma.

Logan 1 argued that removal was appropriate because the district court had federal question jurisdiction. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). Logan 1's jurisdictional argument was predicated on the fact that plaintiffs' case depended on a federal statute being *inapplicable to* the proposed de-annexation.[2]

Plaintiffs moved to remand the case to the Board, arguing that the district court lacked subject-matter jurisdiction over the case. The district court, noting that the express language of § 1441 permits removal only of civil actions "brought in a State court," and opining that the Board was not a "State court"

---

[2]     The petition pleaded the inapplicability of 7 U.S.C. § 1926(b), which prohibits the curtailment or limitation of service by an association indebted to the Secretary of Agriculture. It is Logan 1's position that § 1926(b) prohibits de-annexation in this instance.

under Oklahoma law, determined that it lacked subject-matter jurisdiction to entertain the removed action. Accordingly, it remanded to the Board.

Plaintiffs then moved for attorney's fees under 28 U.S.C. § 1447(c), which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The district court found that the removal of the case had been objectively unreasonable. It therefore awarded plaintiffs $8,634.17 in attorney's fees. Logan 1 appeals from this attorney fee award.

Although we generally lack jurisdiction over remand orders, we do have subject-matter jurisdiction to review the district court's order under § 1447(c) awarding attorney's fees to plaintiffs. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005). "A court's decision to grant a fee award is reviewed for abuse of discretion, while the underlying legal analysis is reviewed de novo." *Id.* (quotation omitted). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

As the district court noted, the plain language of § 1441(a) allows removal only of proceedings originating in a "state court." The district court's

-4-

determination that the Board is not a "state court" is a question of statutory construction that we review de novo. *See Ore. Bureau of Labor v. U.S. West Commc'ns*, 288 F.3d 414, 417 (9th Cir. 2002). Contending for a broad reading of the phrase "state court," Logan 1 raises a number of arguments in favor of the objective reasonableness of its attempted removal. But we do not find these arguments persuasive.

First, Logan 1 relies on an unpublished decision denying remand to the Payne County Board of County Commissioners issued by the same district court that ordered the remand in this case. *See Payne County Bank v. Payne County Rural Water Dist. No. 3*, No. Civ-03-838-R (W.D. Okla. Aug. 6, 2003), Aplt. App., Vol. 2, at 248-52. The jurisdictional issue in *Payne County Bank*, however, involved whether a sufficient federal question existed to permit removal, not whether removal could be accomplished from a board of county commissioners, an issue on which the district court's decision said nothing. Moreover, the decision denying remand in *Payne County Bank* was unpublished and therefore non-precedential.

Logan 1 next complains that in its remand order, the district court relied on *State ex rel. Tharel v. Board of County Commissioners*, 107 P.2d 542, 549 (Okla. 1940), a case in which the Oklahoma Supreme Court stated that a board of county commissioners "is not a court." Logan 1 contends the district court erred by focusing on Oklahoma law. Citing *Shamrock Oil & Gas Corp. v. Sheets*,

313 U.S. 100, 104 (1941), it contends that whether an action is a "civil action" within a "state court" for § 1441 purposes turns on federal law, not state law. As Logan 1 appears to recognize, however--judging from its own citations to state statutes and case law in support of this argument--a state's characterization of its own entity cannot simply be disregarded. The Oklahoma Supreme Court's reasons for characterizing a board of county commissioners as an executive body rather than a court are entitled to consideration as persuasive authority. *See Comm'rs of Road Improvement Dist. No. 2 v. St. Louis SW Ry. Co.*, 257 U.S. 547, 558 (1922).

But even if federal law ultimately supplies the test for determining what is a "state court," Logan 1 must still show that it had an objectively reasonable basis under federal law for seeking removal. In an effort to make this showing, Logan 1 cites a decision of this court noting that when determining de-annexation, an Oklahoma board of county commissioners acts in a judicial or quasi-judicial capacity. *Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 702, 708 (10th Cir. 2004). This factual assertion, of course, does not resolve the entire inquiry. Logan 1 must also show that as a legal matter, an administrative entity like the Board that exercises judicial functions should be treated as a "state court" for purposes of § 1441(a).

To make this showing, Logan 1 contends that under federal law, it is the function exercised by an entity rather than its formal structure that determines whether that entity is a "state court." But as will be seen, Logan 1's "functional test" is incompatible with the plain language of the removal statute.

In support of the functional test, Logan 1 cites a number of older cases, most of which involve removal from state administrative agencies, contending that their reasoning that focuses on function rather than form also applies to the Board. *Kolibash v. Committee on Legal Ethics*, 872 F.2d 571, 576 (4th Cir. 1989) (applying 28 U.S.C. § 1442(a)); *Floeter v. C.W. Transp., Inc.*, 597 F.2d 1100, 1101-02 (7th Cir. 1979); *Baughman v. Bradford Coal Co.*, 592 F.2d 215, 217-19 (3d Cir. 1979); *Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd.*, 454 F.2d 38, 43-44 (1st Cir. 1972); *Corwin Jeep Sales & Service, Inc. v. Am. Motors Sales Corp.*, 670 F. Supp. 591, 594 (M.D. Pa. 1986); *Tool & Die Makers Lodge No. 78 Int'l Ass'n of Machinists v. Gen. Elec. Co. X-Ray Dep't*, 170 F. Supp. 945, 949-50 (E.D. Wis. 1959). None of these cases involves a board of county commissioners adjudicating a de-annexation proceeding. Moreover, in light of the plain language of § 1441, which permits removal only from a "state court," we do not find their legal reasoning persuasive.

More recent authority has rejected or severely limited the "functional" test in favor of a standard application of the canons of statutory construction. This better analysis begins (and ends) with § 1441's plain language, which permits

removal only from a "state court," "which necessarily implies that the entity must be a *court* . . . [not] an administrative agency . . . that . . . conducts court-like adjudications." *Ore. Bureau of Labor*, 288 F.3d at 418. Even courts that once applied the functional test now appear to have repented to some degree. *See Sun Buick, Inc. v. SAAB Cars USA, Inc.*, 26 F.3d 1259, 1261-67 (3d Cir. 1994) (casting serious doubt on "functional" test; distinguishing *Baughman* in § 1441(a) removal context); *Borough of Olyphant v. Pa. Power & Light Co.*, 269 F. Supp. 2d 601, 602-03 (M.D. Pa. 2003). *Cf. Wirtz Corp. v. United Distillers & Vintners N. Am., Inc.*, 224 F.3d 708, 713 (7th Cir. 2000) (limiting holding in *Floeter* to particular facts of that case).

Having determined that the appropriate test involves application of the plain language of § 1441(a) rather than a functional test, we now apply that plain language to the facts of this case. Although the Board exercises a judicial function in de-annexation proceedings, it is an administrative rather than a judicial entity. Under the plain language test, it does not fit the definition of a "state court" for purposes of § 1441(a).

We conclude that neither the unpublished case cited by Logan 1, nor the "federal" nature of the characterization of what is a "state court," nor application of the "functional" test, provides Logan 1 with the required showing of an objectively reasonable basis for seeking removal sufficient to require reversal. Logan 1 has failed to demonstrate an abuse of discretion by the district court in

awarding attorney's fees to plaintiffs based on an objectively unreasonable removal.

The judgment of the district court is therefore AFFIRMED.