FILED
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STUART N. AULD,

      Plaintiff - Appellant,

v.

JOHN W. AULD, SR. TRUSTEE AND
TRUSTS; SUN WEST MORTGAGE
COMPANY, INC.; JOHN W. AULD,
JR., Beneficiary of the Agreement of the
Auld Living Trust April 27, 1995,

      Defendants - Appellees,

and

SUSAN NANETTE AULD POWELL,
Beneficiary of the Agreement of the
Auld Living Trust April 27, 1995;
SETH HAMILTON AULD, Beneficiary
of the Agreement of the Auld Living
Trust April 27, 1995; NANCY ANNA
AULD, Beneficiary of the Agreement of
the Auld Living Trust April 27, 1995,

      Defendants.

Nos. 13-3075 & 13-3108
(D.C. No. 2:13-CV-02031-JTM-DJW)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **HARTZ**, **McKAY**, and **BACHARACH**, Circuit Judges.

Plaintiff-appellant Stuart N. Auld appeals from the district court's orders remanding his case to state court, dismissing his motion for reconsideration, and awarding attorney fees to defendant Sun West Mortgage Company. Lacking jurisdiction to review the district court's determination that it lacked subject matter jurisdiction over the case, we dismiss No. 13-3075. In No. 13-3108, we affirm the award of attorney fees.

## I. Background

The state court litigation consisted of Mr. Auld's lawsuit against his father and his father's suit against him. The cases concerned the ownership of real property, the validity and priority of liens on the property, and whether Mr. Auld should be evicted from the property. After the consolidated lawsuits were resolved against him, Mr. Auld filed a notice of removal in the federal district court. Defendants filed a joint motion to remand and for attorney fees for wrongful removal.

The district court ordered the case remanded to state court. The court reasoned that Mr. Auld's removal failed because: (1) the removal statutes are construed narrowly, and doubts about removal are resolved in favor of remand; (2) removal by a plaintiff is not contemplated by 28 U.S.C. § 1446(a); (3) Mr. Auld filed the notice of removal well beyond the thirty days allowed by § 1446(b)(3) after diversity

- 2 -

jurisdiction, if present, became apparent by the intervention of defendant Sun West in the state litigation; (4) the notice of removal was filed well beyond the one-year maximum period provided in § 1446(c)(1); and (5) even if the state case could have been removed, Mr. Auld waived his right to removal by litigating the case in state court for more than ten months after the diverse party, Sun West, entered the litigation. The court awarded defendants $2500 in attorneys fees for improper removal under 28 U.S.C. § 1447(c), which the district court ultimately ordered to go to Sun West.

Mr. Auld filed a motion for reconsideration of the remand order. The district dismissed the motion for lack of jurisdiction, explaining that it was barred from reconsidering its remand order because it had remanded the case for lack of subject matter jurisdiction due to defects in removal. Mr. Auld filed appeal No. 13-3075 from the remand order and appeal No. 13-3108 from the award of attorney fees.

## II. Discussion

Under the removal statutes, "'[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise.'" *Moody v. Great W. Ry. Co.*, 536 F.3d 1158, 1162 (10th Cir. 2008) (quoting § 1447(d)). As we have construed § 1447(d) in conjunction with § 1447(c), we lack jurisdiction to review the district court's remand order because it was "based on a lack of subject-matter jurisdiction or a timely raised defect in removal procedure." *Id.* As a result, appeal No. 13-3075 must be dismissed. Mr. Auld asks us to construe his

appeal as a petition for writ of mandamus, but the jurisdictional bar includes mandamus. *Archuleta v. Lacuesta*, 131 F.3d 1359, 1360 (10th Cir. 1997).

Even though we may not review the district court's remand order, however, we have jurisdiction under § 1447(c) to review the court's award of attorney fees. *Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005). "A court's decision to grant a fee award is reviewed for abuse of discretion, while the underlying legal analysis is reviewed de novo." *Porter Trust v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) (internal quotation marks omitted). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* (internal quotation marks omitted).

The district court's reasons for concluding that removal was defective are well-supported and correct. Mr. Auld clearly "lacked an objectively reasonable basis for seeking removal." *Id.* (internal quotation marks omitted). The district court did not abuse its discretion in awarding attorney fees, and the award is affirmed.

In appeal No. 13-3108, we affirm. Appeal No. 13-3075 is dismissed. Appellant's outstanding motions are denied.

Entered for the Court

Monroe G. McKay
Circuit Judge

- 4 -