285 F.3d 1165
 SAN LAZARO ASSOCIATION, INC., dba Biomedical Laboratory, Plaintiff-Appellee,
v.
Kathleen CONNELL, Controller of the State of California, Defendant-Appellant.
Oganes Nagapetyan; Khachik Simonyan, Plaintiffs-Appellees,
v.
Kathleen Connell, Controller of the State of California; Joseph Munso, Chief Deputy Director of the California Department of Health Services, Defendants-Appellants.
Clinical Care Laboratory, Inc., Plaintiff-Appellee,
v.
Kathleen Connell, Controller of the State of California; S. Kimberly Belshe, Director of the Department of Health Services, Defendants-Appellants.
 No. 00-55065.
 No. 00-55610.
 No. 00-55963.
 No. 00-55377.
 United States Court of Appeals, Ninth Circuit.
 April 9, 2002.
 
 Before: NOONAN, SILVERMAN, and PAEZ, Circuit Judges.
 
 ORDER
 
 1
 The panel has unanimously voted to deny the petition for rehearing. The full court has been advised of the petition for rehearing en banc, and no active judge of the court has requested a vote on the petition for rehearing en banc. Fed. R.App. P. 35(b). The petition for rehearing is denied and the petition for rehearing en banc is denied.
 
 
 2
 The opinion filed January 24, 2002, is hereby AMENDED as follows:
 
 
 3
 1. On page 1081 of the slip opinion, the text beginning "`The plaintiffs relied on statutory provisions' and ending `federal guidelines. Id.' is deleted. The following new paragraph is inserted: `The Court noted that the plaintiffs in Blessing had not "identif[ied] with particularity the rights they claimed," and went on to note that some of the provisions of Title IV-D were systemic or structural.' Id. at 342-44, 117 S.Ct. 1353. For example, Title IV-D provides that States, if they are to receive federal funds, must include, inter alia, a `comprehensive system to establish paternity, locate absent parents, and help families obtain support orders.' Id. at 333-34, 117 S.Ct. 1353. The statute at issue in Blessing also provides specific guidelines for the `structure' of the state agency designated to administer this system, such as a requirement for sufficient staffing levels. Id. at 333-35, 117 S.Ct. 1353. Additionally, Title IV-D contains the more general requirement that state AFDC plans must be in `substantial compliance' with these and other federal guidelines. Id."
 
 
 4
 2. On page 1082, delete the phrase "but, with respect to the particular `systemwide' requirements that the plaintiffs invoked" and insert "but, with respect to the `systemwide' requirements in Title IV-D". After "Id. at 344, 117 S.Ct. 1353" and before "The structural requirements" the following footnote 9 is inserted:
 
 
 5
 "While spelling out that the systemic and structural provisions of Title IV-D do not give rise to rights enforceable under § 1983, Blessing did `not foreclose the possibility that some provisions of Title IV-D give rise to individual rights,' and remanded for the District Court to construe the complaint to determine whether `any specific claim asserts an individual federal right.' Id. at 345-346, 117 S.Ct. 1353."