OREGON BUREAU OF LABOR AND INDUSTRIES, ex rel. Darryl RICHARDSON, Plaintiff–Appellant,

v.

U.S. WEST COMMUNICATIONS, INC., a Colorado Corporation, Defendant–Appellee.

No. 01–35247.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 11, 2002.

Filed April 26, 2002.

Richard Wasserman, Assistant Attorney General, Salem, OR, for the plaintiff-appellant.

Robert Joga, Denver, CO, and David P.R. Symes, Perkins Coie LLP, Portland, OR, for the defendant-appellee.

Before BRUNETTI, LEAVY, and T.G. NELSON, Circuit Judges.

## OPINION

T.G. NELSON, Circuit Judge.

The Oregon Bureau of Labor and Industries (BOLI) appeals the district court's denial of BOLI's motion to remand to

BOLI an employment discrimination case that U.S. West Communications, Inc. (U.S.West), removed to the district court from proceedings at BOLI. We reverse and remand because 28 U.S.C. § 1441(a) authorizes removal only from a "state court," and BOLI is not a "court."

## I. BACKGROUND

Darryl Richardson (Richardson) filed a complaint with BOLI alleging that U.S. West[1] discriminated against him because he accompanied an Oregon state safety compliance officer on an inspection of a U.S. West facility. After investigating Richardson's complaint, BOLI served U.S. West with administrative charges alleging unlawful employment discrimination and scheduled a hearing on the matter before a BOLI administrative law judge. U.S. West removed the proceedings to the district court for the District of Oregon, pursuant to 28 U.S.C. § 1441(a), asserting that the court had subject matter jurisdiction under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

BOLI moved the district court to remand the proceedings, arguing, among other things, that BOLI was not a "state court" within the meaning of the removal statute and that Section 301 did not provide the district court with jurisdiction over the case. The district court denied BOLI's motion, reasoning that the court had jurisdiction under the "complete preemption" doctrine of Section 301. The district court also held that under the "functional test" analysis adopted by the First and Seventh Circuits,[2] "BOLI's functionality is similar enough to a state court for BOLI to be considered a state court for purposes of removal under § 1441."

1. U.S. West is now known as "Qwest Corporation." However, we refer to the company as "U.S. West" for purposes of this opinion.

2. See Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd., 454 F.2d 38 (1st Cir.1972); Floeter v. C.W. Transport, Inc., 597 F.2d 1100 (7th Cir.1979).

The parties stipulated to a voluntary dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(2), in order to allow BOLI to appeal the district court's decision.

## II. ANALYSIS

### A. Justiciability and Jurisdiction

■ The first question is whether we may consider this appeal at all. Voluntary dismissal can moot a case, rendering it nonjusticiable under Article III of the Constitution.[3] Even if this appeal presents a justiciable case, however, we would ordinarily lack jurisdiction because "[a]n order refusing to remand is, of course, not a final appealable order under 28 U.S.C. § 1291."[4] However, as we explain below, we conclude that this case is not moot and that we have jurisdiction to review the district court's order.

In *Concha v. London*,[5] as here, the parties stipulated to a voluntary dismissal with prejudice so that the plaintiffs could immediately appeal the district court's denial of their motion to remand a case that had been removed under 28 U.S.C. § 1441.[6] We did not expressly address the question of whether the voluntary dismissal mooted the case. The fact that we reached the merits, however, implies that the case was not moot, even though we did not discuss the question.[7] We will briefly explain here why BOLI's voluntary dismissal did not moot this case.

■ "A case loses its quality as a 'present, live controversy' and becomes moot when there can be no effective relief."[8] The "live controversy" prong requires an "actual, ongoing dispute."[9] The dispute in this case is actual and ongoing. The voluntary dismissal did not, and was not intended to, "settle" the case. The record shows that the parties stipulated to dismiss only so they could take their dispute to the appellate level: the parties fully expected and intended to continue their litigation in this forum. Thus, there is still an actual, ongoing dispute, and the case has not lost its quality as a "present, live controversy." In addition, we can order "effective relief" because we can reverse and remand the case to the district court with instructions to remand the case back to BOLI[10]—precisely the relief

---

3. *See A.B. Dick Co. v. Marr*, 197 F.2d 498, 502 (2d Cir.1952) (holding that a voluntary dismissal moots a case); *Humphreys v. United States*, 272 F.2d 411, 412 (9th Cir.1959) (citing *A.B. Dick Co.* with approval); *see also Campbell v. Wood*, 18 F.3d 662, 680 (9th Cir.1993) (stating that a moot case is not a justiciable controversy under Article III).

4. *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir.1995).

5. 62 F.3d 1493 (9th Cir.1995).

6. *Id.* at 1505. We note here that a significant issue in *Concha* was whether the dismissal was with prejudice. We engaged in a somewhat lengthy analysis—which is not relevant to this case—of whether the dismissal was with or without prejudice. *Id.* at 1508–09. The important point is that we ultimately concluded that the dismissal was with prejudice. *Id.* at 1506, 1509.

7. *Joint Bd. of Control of the Flathead, Mission, and Jocko Irrigation Dists. v. United States*, 832 F.2d 1127, 1129–30 (9th Cir.1987) ("Before we can reach the merits of the appeal, we must determine whether this case is moot.").

8. *See San Lazaro Ass'n, Inc. v. Connell*, 278 F.3d 932, 939 (9th Cir.2002) (quoting *Cantrell v. City of Long Beach*, 241 F.3d 674, 678 (9th Cir.2001)), *amended by* 285 F.3d 1165 (9th Cir.2002), *amended and superseded by* 286 F.3d 1088 (9th Cir.2002).

9. *See, e.g., H.C. v. Koppel*, 203 F.3d 610, 611 (9th Cir.2000); *Ruiz v. City of Santa Maria*, 160 F.3d 543, 548–49 (9th Cir.1998).

10. *See ARCO Envtl. Remediation L.L.C. v. Department of Health and Envtl. Quality of State of Montana*, 213 F.3d 1108, 1117–18 (9th Cir.2000) (reversing district court's denial of motion to remand and remanding with in-

BOLI seeks. Accordingly, BOLI's voluntary dismissal did not moot this case.

We squarely addressed in *Concha* the separate question of jurisdiction.[11] We concluded that we have jurisdiction to review a district court's denial of a motion to remand if the appeal comes to us from a stipulated voluntary dismissal with prejudice that was not intended to settle the case.[12] This case presents precisely those circumstances. Thus, we have jurisdiction to review the district court's order. Accordingly, this appeal presents a justiciable controversy over which we have jurisdiction.

### B. The Merits

■ We review de novo a district court's denial of a motion to remand a case that has been removed under 28 U.S.C. § 1441(a).[13] The issues presented are whether BOLI is a "state court" and whether the "complete preemption" doctrine provided the district court with "original jurisdiction" over the case.[14] We reverse because we conclude that the plain

language of 28 U.S.C. § 1441(a) authorizes removal only if the case is brought in a "court," and it is undisputed that BOLI is not a "court." We therefore need not reach the question of whether the district court had subject matter jurisdiction over the case.

### 1. *"State Court"*

The issue of whether BOLI is a "state court" for purposes of 28 U.S.C. § 1441(a) is a statutory construction question that we review de novo.[15] We look first to the statutory language.[16] If it is clear and consistent with the statutory scheme, the plain language is conclusive and our inquiry goes no further.[17] In addition, we strictly construe a removal statute against removal jurisdiction.[18]

■ The plain language of 28 U.S.C. § 1441(a) limits removal to cases pending before a "state court."[19] U.S. West does not argue that the term "state court" is ambiguous, nor do we think that it is. The term is clear and consistent with the overall statutory scheme for removals because

---

structions to remand the case to state court); *Concha*, 62 F.3d at 1507 ("[i]f the plaintiff prevails on appeal, and the determinative district court ruling [the denial of remand] is reversed, then his claim is remanded to the district court for further proceedings").

11. 62 F.3d at 1506–07.

12. *Id.*

13. *Abraham v. Norcal Waste Sys. Inc.*, 265 F.3d 811, 819 (9th Cir.2001), *petition for cert. filed*, 70 U.S.L.W. 3535 (U.S. Feb. 11, 2002) (No. 01–1179).

14. *See* 28 U.S.C. § 1441(a) (authorizing removal only from a "state court" and if the district court has "original jurisdiction" over the case).

15. *Harper v. United States Seafoods LP*, 278 F.3d 971, 973 (9th Cir.2002).

16. *Id.*

17. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 831 (9th Cir.2000); *In re Jackson*, 184 F.3d 1046, 1051 (9th Cir.1999).

18. *See Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).

19. The removal statute provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a *State court* of which the district courts of the United States have *original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

28 U.S.C. § 1441(a) (emphasis added).

it is used repeatedly throughout the removal statutes and is the only term used in reference to the tribunal from which removal may be taken.[20] We therefore agree with the Third Circuit that the language of § 1441(a) "should be dispositive."[21] Thus, our analysis of the statutory language need go no further: 28 U.S.C. § 1441(a) authorizes removal only from a "state court," which necessarily implies that the entity in question must be a *court.*

It is undisputed that BOLI is *not* a court. The parties agree that BOLI is an administrative agency, albeit one that, like many others, conducts court-like adjudications. Thus, we again need go no further. Because BOLI is not a court, the BOLI proceedings were not removable under 28 U.S.C. § 1441(a). The district court therefore erred in denying BOLI's motion to remand.

U.S. West argues, however, that we should interpret the statutory term "state court" to encompass court-like administrative agency adjudications. Specifically, U.S. West urges us to adopt the reasoning of the First and Seventh Circuits in *Volkswagen de Puerto Rico, Inc. v. Puerto Rico Labor Relations Bd.*[22] and *Floeter v. C.W. Transport, Inc.,*[23] and employ a "functional test" to determine whether a state administrative agency is a "state court" within the meaning of the statute. The *Volkswagen* and *Floeter* courts reasoned that the "label" that a state attaches to a tribunal should not control the question of whether the tribunal is a "state court" within the meaning of 28 U.S.C. § 1441(a).[24] Those courts therefore held that if a state administrative tribunal "acts as a court,"[25] conducts proceedings of an "essentially judicial character," or has procedures "substantially similar to those traditionally associated with the judicial process,"[26] then it is a "state court" for removal purposes.[27]

■ While we agree that the question of what constitutes a "state court" under the removal statute is a matter of federal, not state, law,[28] we reject the "functional test" analysis. The functional test goes beyond the language of the statute, because the functional test is a judicially-developed analysis that neither appears in, nor is necessarily implied by, the statutory language. The settled law in this circuit, however, is that we do not go beyond clear and consistent statutory language.[29] Be-

---

**20.** See 28 U.S.C. §§ 1441–52.

**21.** *Sun Buick, Inc. v. Saab Cars USA, Inc.,* 26 F.3d 1259, 1261 (3d Cir.1994).

**22.** 454 F.2d 38 (1st Cir.1972).

**23.** 597 F.2d 1100 (7th Cir.1979).

**24.** See *Volkswagen,* 454 F.2d at 43 ("we are unconvinced that ... the institutional label is dispositive"); *Floeter,* 597 F.2d at 1102 ("[w]e hold that the title given a state tribunal is not determinative").

**25.** *Volkswagen,* 454 F.2d at 45.

**26.** *Floeter,* 597 F.2d at 1102.

**27.** See *Volkswagen,* 454 F.2d at 45; *Floeter,* 597 F.2d at 1102.

**28.** See *McInnes v. State of California,* 943 F.2d 1088, 1094 (9th Cir.1991) ("federal law, not state law, ultimately governs the question of what constitutes a 'court' within the meaning of [28 U.S.C.] section 1738[the Full Faith and Credit Act]"); *see also Commissioners of Road Improvement Dist. No. 2 v. St. Louis Southwestern Ry. Co.,* 257 U.S. 547, 557–558, 42 S.Ct. 250, 66 L.Ed. 364 (1922) ("[t]he question of removal under the federal statute is one for the consideration of the federal court. It is not concluded by the view of a state court as to what is a suit within the statute").

**29.** See *Botosan,* 216 F.3d at 831; *In re Jackson,* 184 F.3d at 1051.

cause the statutory language here is clear and consistent, we may not go beyond it to adopt the functional test.

■ In addition, the functional test changes the meaning and the reach of the statute. The functional test effectively replaces the statutory term "state court" with the phrase "any tribunal that acts as a court," or "any tribunal having court-like functions," or some substantially similar phrase. This reading of the statute transforms the controlling inquiry from one into the nature of the *tribunal* to one into the nature of the *proceeding*. Because agencies often conduct court-like adjudications, the result is to dramatically expand federal removal jurisdiction to encompass many administrative agency proceedings, as *Volkswagen* and *Floeter* demonstrate. This conflicts with the principle that removal statutes should be strictly construed so as to limit, not expand, federal jurisdiction.[30]

U.S. West argues, however, that the Supreme Court tacitly endorsed the "functional test" approach in *Upshur County v. Rich.*[31] We disagree.

In *Upshur County*, the removal issue was whether an appeal from a tax assessment was a removable "suit."[32] The Supreme Court held that the proceeding was not a suit, only "a matter of administration."[33] In the course of explaining this holding, the Court engaged in an analysis that resembles the functional test and determined that the "so-called" Upshur County court "ha[d] no judicial powers, except in matters of probate. In all other matters it is an administrative board."[34] U.S. West therefore reads *Upshur County* as supporting the use of a functional test analysis in determining whether a tribunal is a "court" for removal purposes.

U.S. West reads too much into *Upshur County*. As the Third Circuit pointed out, "[i]t does not follow that because *Upshur County* held that a court is not necessarily a 'court' for removal purposes, the Supreme Court has endorsed the view that an administrative agency might be a 'court' for removal purposes."[35] The portion of the *Upshur County* opinion on which U.S. West relies stands at most for the undisputed principle that the "label" a state attaches to a tribunal does not control the question of whether the tribunal is a "court" for removal purposes.[36]

■ For all of the foregoing reasons, U.S. West's arguments fail to convince us to take "the extraordinary step of ignoring the plain language of the statute."[37] Accordingly, we reject the 6329 "functional test." We therefore hold that 28 U.S.C. § 1441(a) does not authorize removal of proceedings from an administrative agency, regardless of how court-like the proceedings may be. The statute authorizes removal only if the action is pending in a state *court.*

It is undisputed that BOLI is *not* a court. Thus, the BOLI proceedings were

**30.** *See Frize, Inc.,* 167 F.3d at 1265.

**31.** 135 U.S. 467, 10 S.Ct. 651, 34 L.Ed. 196 (1890).

**32.** *Id.* at 470–71, 10 S.Ct. 651.

**33.** *Id.* at 471, 10 S.Ct. 651.

**34.** *Id.*

**35.** *Sun Buick,* 26 F.3d at 1263.

**36.** *See generally Upshur County,* 135 U.S. at 470–72, 10 S.Ct. 651.

**37.** *Sierra Club v. Chevron U.S.A., Inc.,* 834 F.2d 1517, 1525 (9th Cir.1987) (holding that a state agency proceeding did not constitute an action "in a court of the United States, or a State" within the meaning of 33 U.S.C. § 1365(b)(1)).

not removable under 28 U.S.C. § 1441(a). The district court therefore erred in denying BOLI's motion to remand.

### 2. *Original Jurisdiction*

Section 1441(a) authorizes removal only if both the "state court" and the "original jurisdiction" requirements are satisfied.[38] Thus, the question of whether the Section 301 "complete preemption" doctrine provided the district court with "original jurisdiction" is irrelevant because, as discussed above, the statute did not authorize remov-

---

**38.** *See* 28 U.S.C. § 1441(a).

al of proceedings from BOLI. Accordingly, we need not reach the preemption issue, and we express no opinion regarding it.

REVERSED and REMANDED with instructions to remand the case back to BOLI.