Scott and Joy **STODDART**, Plaintiffs–Appellants,

v.

**ALLSTATE INSURANCE COMPANY**, Defendant–Appellee.

and

Evelyn Sanchez; Ray Casazza; Phil Bray, individually Defendants.

No. 02–56214.

D.C. No. 01–07266 RSWL (JWJx).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2003.

Decided July 9, 2003.

**454**

Before TROTT and TALLMAN, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM**

Plaintiffs–Appellants Scott and Joy Stoddart ("Stoddart") appeal the district court's orders denying their motion to remand and granting Defendant–Appellee Allstate Insurance Company's ("Allstate")

motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo both the district court's grant of summary judgment, *see Delta Savs. Bank v. United States*, 265 F.3d 1017, 1021 (9th Cir.2001). *cert. denied*, 534 U.S. 1082, 122 S.Ct. 816, 151 L.Ed.2d 700 (2002), and the district court's denial of a motion to remand a removed case, *see Oregon Bureau of Labor v. U.S. West Communications, Inc.*, 288 F.3d 414, 417 (9th Cir.2002). We affirm.

**I.**

The district court had jurisdiction both at the time of removal and when it entered judgment in the case. Allstate timely removed the case upon notice that the amount in controversy met the jurisdictional requirement. *See* 28 U.S.C. § 1446(b). The individual, non-diverse defendants named in the complaint were fraudulently joined and did not defeat diversity. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998). Therefore, Stoddart's motion to remand was properly denied.

**II.**

This Court's review of an order granting summary judgment is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). *See Delta Savs. Bank*, 265 F.3d at 1021. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* The Court must not weigh the evidence or determine the truth

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

of the matter but only determine whether there is a genuine issue for trial. *See Jesinger v. Nev. Fed. Credit Union,* 24 F.3d 1127, 1131 (9th Cir.1994).

The district court did not err in granting Allstate's motion for summary judgment on the bad faith claim. First, although the black Nissan was not an uninsured motorist for purposes of the UM-bodily injury policy, it was unclear whether contact with the unidentified van could have given rise to coverage. Thus, Allstate did not dispute coverage in bad faith. Second, Stoddart was tardy in furnishing Allstate with the information it requested, such as the wage and medical authorizations and the demand package. Third, once submitted, Stoddart's demand raised several questions, including a gap in medical treatment, a lack of MRI reports, and a discrepancy in the amount of wages incurred. Allstate acted reasonably in pursuing further investigation.

AFFIRMED.