Barbara Jo MITCHELL; Estate of Keric Mitchell, as successor in interest of Keric Mitchell, Deceased, Plaintiffs–Appellants,

v.

COUNTY OF SAN DIEGO, A political subdivision; City of Vista, a municipality of the State of California; Does 1–100, Defendants–Appellees.

No. 05–56657.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed July 3, 2007.

Rymer, Circuit Judge, filed an opinion concurring in part and dissenting in part.

Michael L. Klein, Esq., Greenman, Lacy, Klein, O'Harra & Heffron, Oceanside, CA, Mary A. Lehman, Esq., Law Office of Mary A. Lehman, Coronado, CA, for Plaintiffs–Appellants.

Ricky R. Sanchez, Office of the County Counsel, San Diego, CA, Richard J. Schneider, Esq., Sylvie P. Snyder, Esq., Daley & Heft, Solana Beach, CA, for Defendants–Appellees.

Before: D.W. NELSON, REINHARDT, and RYMER, Circuit Judges.

MEMORANDUM *

Barbara Jo Mitchell (Mitchell), individually and on behalf of her deceased son Keric Mitchell (Keric), appeals the district court's dismissal on the merits of her California state law negligence and intentional tort claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Although Mitchell thereafter stipulated to the voluntary dismissal of her Third Amended Complaint, which contained only her § 1983 claim, we have jurisdiction pursuant to 28 U.S.C. § 1291 to hear an appeal challenging the prior order dismissing her state law claims with prejudice because Mitchell did not stipulate to the voluntary dismissal with the intent to settle her case. *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1038 (9th Cir.2003) (citing *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir.1995)); *Oregon Bureau of Labor and Indus. v. U.S. West. Comm.*, 288 F.3d 414, 417 (9th Cir.2002). For the same reason, Mitchell's appeal is not moot. *Oregon Bureau*, 288 F.3d at 416–17.

We review the district court's dismissal under Rule 12(b)(6) de novo, and may affirm the dismissal only " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir.2007) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). We reverse the district court's dismissal of Mitchell's state law claims because, under the facts alleged

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

in the First Amended Complaint, the City's paramedics and County's law enforcement officers could be held to have breached common law duties owed to Keric and not to be entitled to immunity pursuant to California Health & Safety Code § 1799.106 or § 1799.107, or California Government Code § 820.2. Accordingly, the City and County could be held vicariously liable for their employees' torts. Cal. Gov.Code § 815.2(a)–(b); *Eastburn v. Regional Protection Authority,* 31 Cal.4th 1175, 1184, 7 Cal.Rptr.3d 552, 80 P.3d 656 (2003).

■ First, under the allegations of the First Amended Complaint, the law enforcement officers could be found to have breached their common law duties by engaging in affirmative acts that increased the risk that Keric would suffer the harm of death from his bullet wounds by preventing others from assisting him or transporting him to the hospital. *Zelig v. County of Los Angeles,* 27 Cal.4th 1112, 1129, 119 Cal.Rptr.2d 709, 45 P.3d 1171 (2002) (citing *Benavidez v. San Jose Police Dept.,* 71 Cal.App.4th 853, 863, 84 Cal. Rptr.2d 157 (1999); *Mann v. State of California,* 70 Cal.App.3d 773, 780, 139 Cal. Rptr. 82 (1977)); *Williams v. State,* 34 Cal.3d 18, 24–25, 192 Cal.Rptr. 233, 664 P.2d 137 (1983); *see also Rose v. County of Plumas,* 152 Cal.App.3d 999, 1004–05, 199 Cal.Rptr. 842 (1984). Second, under the allegations of that complaint, the paramedics could be found to have conducted a visual medical examination of Keric that constituted the initiation of medical services and to have thereafter negligently failed to perform such requisite services. *Wright v. City of Los Angeles,* 219 Cal.

App.3d 318, 347, 268 Cal.Rptr. 309 (1990); *Zepeda v. City of Los Angeles,* 223 Cal. App.3d 232, 237, 272 Cal.Rptr. 635 (1990) (discussing *Wright,* 219 Cal.App.3d at 347, 268 Cal.Rptr. 309).

■ The district court erred in holding that the paramedics and law enforcement officers were entitled to immunity under California Health & Safety Code § 1799.106 and § 1799.107. Because the law enforcement officers did not engage in "emergency *medical* services," (emphasis added) they are not eligible for immunity under § 1799.106. *See id.* § 1799.106; *cf. Eastburn,* 31 Cal.4th at 1184, 7 Cal. Rptr.3d 552, 80 P.3d 656. Yet because those officers did engage in "emergency services" under the broad definition in California Health & Safety Code § 1799.107, which "includes, but is not limited to, first aid and medical services, *rescue procedures* and transportation, *or other related activities* necessary to insure the health *or safety* of a person in imminent peril," *id.* § 1799.107(e) (emphasis added), they may receive immunity so long as they did not act in bad faith or with gross negligence. *See Eastburn,* 31 Cal.4th at 1184–85, 7 Cal.Rptr.3d 552, 80 P.3d 656. At this stage of the litigation, however, the officers are not entitled to immunity because the complaint sufficiently alleges that they acted with gross negligence or in bad faith in preventing the rendition of medical and other aid to Keric, including prohibiting others from transporting him to the hospital.[1] Similarly, although under the allegations of the complaint the paramedics performed "emergency services" under § 1799.107 and "emergency medical ser-

---

1. We note that the state law claims in the First Amended Complaint incorporated allegations of racial discrimination, and that Mitchell is not collaterally estopped from relying on these allegations merely because she voluntarily dismissed her § 1983 claim. *See*

*Amadeo v. Principal Mut. Life Ins. Co.,* 290 F.3d 1152, 1159 (9th Cir.2002) (stating that for the purpose of collateral estoppel, a "voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually litigate any issue.").

vices" under § 1799.106, they are not entitled to statutory immunity in light of the allegations that they conducted a visual medical examination of Keric and that their failure thereafter to perform further medical services was in bad faith and constituted gross negligence.

■ The district court also erred in holding that the officers and paramedics are entitled to immunity for discretionary actions under California Government Code § 820.2. The actions the officers and the paramedics undertook at the scene of the emergency resulted from routine, operational decisions, and were not the type of basic policy decisions or duties immunized by § 820.2, notwithstanding the fact that the officers and paramedics were required to use some measure of discretion. *Barner v. Leeds*, 24 Cal.4th 676, 685–86, 102 Cal.Rptr.2d 97, 13 P.3d 704 (2000). Given that the First Amended Complaint alleges only that the City and County's employees improperly executed the emergency services programs, and does not challenge their making of any "planning or policy-based choices," the employees do not enjoy immunity under § 820.2. *Ma v. City & County of San Francisco*, 95 Cal.App.4th 488, 115 Cal.Rptr.2d 544, 567 (2002).

Because under the facts alleged in the complaint the City and County may be held vicariously liable for the tortious acts of its employees, we reverse the district court's dismissal of the state law claims on the merits, and remand for further proceedings consistent with this disposition.

REVERSED and REMANDED.

RYMER, Circuit Judge, concurring in part and dissenting in part.

As to the paramedics and their employer the City of Vista, I would affirm. That the paramedics *observed* Keric Mitchell does not distinguish this case from *Zepeda v. City of Los Angeles*, 223 Cal.App.3d 232,

272 Cal.Rptr. 635 (1990). Moreover, the complaint's allegation that friends assisting Mitchell were ordered away *by law enforcement* is inconsistent with any claim that the *paramedics* increased the risk of harm to Mitchell or caused Mitchell or others to rely on their actions to Mitchell's detriment, as is required for tort liability to attach. *See id.* at 235, 272 Cal.Rptr. 635; *Rose v. County of Plumas*, 152 Cal. App.3d 999, 1004–05, 199 Cal.Rptr. 842 (1984).

I agree substantially with the majority as to the law enforcement officers. As to immunity under Cal. Health and Safety Code §§ 1799.106, 1799.107, however, I would simply hold the County to its contention that "[n]either section applies to County law enforcement officials." I would not speculate as to whether § 1799.107 might apply to them, particularly since nothing in the record suggests that the law enforcement officers were "employee[s] or member[s] of a fire department." *See* § 1799.107(d).