**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 20 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHIZUE S. WHITE, | No. 17-15096 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-03251-DGC |
| v. | |
| AURORA LOAN SERVICING LLC, a Colorado Limited Liability Company; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
David G. Campbell, District Judge, Presiding

Submitted November 15, 2017**

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Shizue S. White appeals pro se from the district court's judgment dismissing

her action alleging federal and state law claims arising from foreclosure

proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo

the denial of a motion to remand, *Or. Bureau of Labor v. U.S. W. Commc'ns, Inc.*,

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

288 F.3d 414, 417 (9th Cir. 2002), and we affirm.

The district court properly denied White's motion to remand to state court because White failed to establish the requirements for abstention under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943). *See Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d 290, 294, 296 (9th Cir. 1996) (setting forth requirements for *Burford* abstention and standard of review for whether abstention requirements have been met).

In her opening brief, White fails to challenge the district court's dismissal of her action, and thus she has waived any such challenge. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim . . . .").

**AFFIRMED.**